C. R. BATES ET AL. V. DIAMOND CRYSTAL SALT COMPANY.

FILED MAY 3, 1893.    No. 4737.

Breach of Contract: MEASURE OF DAMAGES. In a suit for violation of a contract the courts will not, for the measure of the damages, apply a rule which would give plaintiff a greater compensation for a breach of the contract than he could receive had it been performed.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*Fawcett, Churchill & Sturdevant,* for plaintiffs in error.

*Leavitt Burnham* and *Kennedy & Learned,* contra.

RAGAN, C.

The Diamond Crystal Salt Company sued Bates, Wilcox & Streeter. The petition alleged that the salt company sold and delivered to Bates, Wilcox & Streeter, at their request, 375 cases of Diamond Crystal salt at an agreed price of eighty-five cents per case, amounting to $318.75, and that the defendants were entitled to a credit of $45 commission earned by them on the sale of salt, and prayed judgment for $273.75, with seven per cent interest from the 30th day of August, 1887, the day of the sale and delivery of the salt.

Bates, Wilcox & Streeter answered this petition, admitting the purchase and price of the salt, but alleged that the sale of the salt sued for was made by one Canan, the agent of the salt company, who, as an inducement for the defendants to purchase said salt, then and there gave them, Bates, Wilcox & Streeter, the exclusive agency for the sale of the plaintiff's salt in the state of Iowa and in all the states and territories in the United States west of the Missouri river, and then and there agreed to allow the defendants a commission of $45 per car load on all of said salt sold by them, Bates, Wilcox & Streeter, within said territory; that said agency should continue as long as the defendants, Bates, Wilcox & Streeter, faithfully represented the plaintiff and endeavored to sell its salt.

The defendants also alleged that the said Canan assured them that their commissions on the sale of salt would pay for the car load purchased long before the same would be due and payable; and that they, Bates, Wilcox & Streeter, relying upon the assurances and promises of the

said agent, bought the car load of salt sued for, accepted the agency, and at once commenced a canvass for the sale of salt and spent twenty-three days' time, paying their own expenses, and that they made sale of three car loads of salt, one to Witner Bros., one to Shenkberg & Co., and one to Warfield, Howell & Co., and had arrangements almost completed for the sale of seven other car loads of salt; that the salt company failed and refused to fill the orders for salt sold to Shenkberg & Co. and Warfield, Howell & Co., and without any notice to the defendants refused longer to recognize them as agents; and that by reason of the salt company's failure to deliver the car load of salt sold by plaintiffs in error to Warfield, Howell & Co., that firm lost confidence in plaintiffs in error and countermanded an order which they had given them for a car load of starch, on which the plaintiffs in error would have realized a profit of $60.

The plaintiffs in error counter-claimed, under said contract, as follows:

| | |
|---|---:|
| Commission on sale of car load of salt to Witner Bros. | $45 00 |
| Commission on sale of car load of salt to Shenkberg & Co. | 45 00 |
| Commission on sale of car load of salt to Warfield, Howell & Co. | 45 00 |
| To time and expenses in soliciting orders for salt for plaintiff, for twenty-three days at $10 per day | 230 00 |
| To loss of profit on car of starch sold to Warfield, Howell & Co., said sale having been countermanded on account of failure of plaintiff to ship salt as agreed | 60 00 |
| | $425 00 |

and prayed that the $318.75 due to the salt company from them for the car load of salt purchased and sued for might be deducted from the counter-claim of $425, and that they, Bates, Wilcox & Streeter, have judgment for the difference.

To this answer there was a reply filed, consisting of a general denial.

It appears from the briefs on file that this action was originally brought in the county court, and then taken by appeal to the district court, where, on the issues stated above, trial was had, the jury finding a verdict for the defendant in error for the sum of $183.75 and $34.29 interest, or a total of $218.05.

Bates, Wilcox & Streeter bring the case here on error.

There is no error in this case of which the plaintiffs in error should complain. If there is any error, it is to the prejudice of the defendant in error.

The jury by its verdict allowed the plaintiffs in error a commission for the sale of three car loads of salt at $45 per car. This was all the salt that they had sold, and under the contract they pleaded they were only to have commissions on the amount of salt actually sold by them.

There was no error in the court's refusing to permit the plaintiffs in error to put in testimony to prove their counter-claim for hotel bills, traveling expenses, time spent in canvassing, and profits on the car load of starch. If the contract which they plead was made as they claim, they were not entitled under that to anything but commissions on sales actually made; they were not entitled to commission and time and traveling expenses too.

To measure the plaintiffs in error's damage by the rules contended for by them would be to give a plaintiff who sued for a breach of contract a greater compensation than he would have received had the contract been performed.

We do not assent to the contention of the plaintiffs in error that the consideration for the purchase by them of the car load of salt sued for was that they were to be appointed the agents of the salt company. In fact, the plaintiffs in error did not so plead it. It is very likely that Canan's representations to plaintiffs in error in regard to the agency was one of the motives that influenced them to purchase,

but we do not think the evidence shows that that was the consideration.

Complaint is made because the court gave instructions Nos. 6, 7, and 8.

Instruction No. 6 told the jury that, under the evidence, Canan had no authority to appoint the plaintiffs in error agents for the sale of the salt company's salt in the state of Iowa. There was no error in giving this instruction; it was conceded by plaintiffs in error that Canan had no such authority.

The seventh instruction told the jury that the salt company's shipping a car load of salt sold by plaintiffs in error to Witner Bros. was a ratification of that sale by the salt company, and that they were liable for the commissions on that sale. The instruction also left it to the jury to say whether, from all the testimony, the salt company, by any word or act, had recognized the defendants as their agents in the sale of the other two car loads of salt, and if they found it had, the plaintiffs in error should be allowed commissions for them. There was nothing in this instruction to the prejudice of the plaintiffs in error.

The eighth instruction complained of told the jury that their verdict must, in any event, be for the salt company for something, as none of the set-offs pleaded by the plaintiffs in error could be considered, except those in regard to the commissions on the sales of salt. There was no error in this instruction.

Plaintiffs in error also complain that there was error in the court's allowing the salt company to recover its costs. In order for the plaintiffs in error to have that reviewed here they must file in the court below a motion to retax the costs, and bring the ruling of the court on that motion up.

The judgment of the district court is in all things

AFFIRMED.

THE other commissioners concur.