## Moses Roberts v. Charles H. Drehmer et al.

Filed June 26, 1894. No. 5648.

1. **Instructions: Harmless Error: Review.** A new trial will not be granted because of the action of the trial court in giving an instruction, if erroneous, where it appears from the verdict rendered by the jury that the party complaining of the giving of the instruction has not been prejudiced thereby.

2. **Costs: Procedure to Review Judgment For.** The general rule is that in order to obtain a review of a judgment for costs, it is necessary that a motion to retax the costs be made and presented to the lower court, and its ruling had thereon.

3. **Instructions: Review.** It is error to give an instruction which is not predicated upon and pertinent to the issues in the case as joined by the pleadings and applicable to the testimony adduced.

4. **Damages: Services: Part Performance of Contract: Instructions.** An instruction given by the court on its own motion examined, and *held* not based upon and applicable to the pleadings and testimony, and further erroneous, in that it stated an incorrect rule or measure of damages, and to be calculated to mislead the jury, and prejudicial to the rights of plaintiff in error.

Error from the district court of Johnson county. Tried below before Babcock, J.

*E. W. Thomas* and *E. C. Hall*, for plaintiff in error.

*J. S. Stull* and *S. P. Davidson*, contra.

Harrison, J.

This is an action by Drehmer Bros., partners, to recover of Moses Roberts, plaintiff in error, compensation for certain services, which they allege were performed by them for him. The material allegations of the petition filed in the district court are as follows:

"The plaintiffs, for their cause of action, allege that on

or about the 10th day of June, A. D. 1890, the plaintiff
and the defendant entered into a verbal contract, whereby
the plaintiff agreed to drill a well on the premises of the
defendant to a depth sufficient to furnish plenty of water,
and to put a good pump therein, and as compensation there-
for the defendant promised and agreed to pay the said
plaintiffs the sum of $1.25 for each and every foot of said
well, the measurement to be from the top of the pump to
the bottom of the well, to be payable when the well was
completed.  Said defendant further agreed to pay said
plaintiffs the· sum of ten cents for each and every foot of
casing used in ·said well, if the same should be needed.
That in pursuance of said contract the said plaintiffs at
once entered upon the performance of their part of the
said contract and faithfully completed the same according
to the terms thereof on or about the 20th day of August,
A. D. 1890, drilling a well and furnishing a good pump
therefor, the measurement of which was 319 feet, and that
it was necessary to, and the plaintiffs did, furnish and put
into said well tubing to the amount of 300 feet; that said
plaintiffs, after completing the said contract, and on or about
the 15th day of January, 1891, made repairs on the pump
in said well, at the defendant's instance and request, which
said repairs were reasonably worth 'the sum of $10; that
the said plaintiffs moved their well drill out to the prem-
ises of the defendant on or about the 27th day of October,
1890, for the purpose of drilling another well on his prem-
ises and were ordered not to proceed with the said work by
the defendant, and that said defendant then and there
agreed to pay the said plaintiffs the sum of $25 for the
trouble and expense of moving and setting up said well
drill; that all of said work, material furnished, and re-
pairs done is as follows, to-wit:

To drilling and putting in pump, 319 feet, at
$1.25 .............................................. $398 75
To 300 feet of casing, at 10 cents per foot........   30 00,

| | | |
|---|---|---|
| To work, fixing pump ............................... | $10 | 00 |
| To setting up well drill............................... | 25 | 00 |
| Total............................................. | $463 | 75 |
| Oct. 28, 1890, paid by cash ....................:........ | 175 | 00 |
| Balance due....................................... | $288 | 75 |

"That on the 28th day of October, 1890, the defendant paid to these plaintiffs the sum of $175, leaving a balance still due and unpaid from the defendant to these plaintiffs the sum of $288.75, for which, with costs of suit, plaintiffs demand judgment."

The answer contained a denial of each and every allegation of the petition not expressly admitted, and the further statement of matters of defense as follows:

"This defendant admits that on or about the 10th day of June, 1890, he entered into the contract with plaintiffs, as in the first paragraph of said petition described and alleged, but this defendant avers that said plaintiffs failed to fulfill the terms and the requirements of said contract, and utterly failed to procure, in the drilling and construction of the well mentioned in said petition, a plentiful flow and supply of water, according to the terms of said contract, and plaintiffs wholly failed and neglected to complete their contract aforesaid, according to the terms thereof; and this defendant further avers that, according to said contract, the defendant was to pay plaintiffs the sum of $1 per foot for drilling said well, and not $1.25, as in said petition alleged; that by reason of the failure of said plaintiffs to contract and make said well according to said contract and procure, according to the terms thereof, for the use of defendant, a plentiful supply of water for one hundred head of cattle, two hundred head of hogs, twenty head of horses, and sufficient for household use, which, according to said contract, plaintiffs were bound to do, the defendant has been greatly damaged in the sum of $500.

"For further answer to said petition defendant further avers that for all the matters and things charged and alleged against this defendant therein the defendant long since settled and paid in full, and procured therefor from plaintiffs due receipt and acquittance."

The prayer of the answer was that the plaintiffs should not have and recover anything, and for judgment in favor of defendant Roberts in the sum of $500 damages. To this answer plaintiff filed, in reply, a general denial. A trial of the issues, before the court and a jury, resulted in a verdict in favor of Drehmer Bros., plaintiffs below, in the sum of $——, for which sum, after motion for a new trial on behalf of defendant Roberts was submitted and over-ruled, judgment was rendered for the plaintiffs, and to reverse which the case is brought here by plaintiff in error on his petition.

The first alleged error to which our attention is challenged in the brief filed on behalf of plaintiff in error is that the court erred in instructing the jury that the answer admitted the terms of the contract to be as alleged by plaintiffs, and that the allegation of the petition in regard to the contract and its obligations were to be taken as true. The court did so instruct, and under the pleadings it is questionable whether it was proper or erroneous; but however this may have been, viewed in the light of the issues joined by the pleadings, and the evidence adduced at the trial, the jury, having found generally for the plaintiffs, could not, if they figured their compensation at the sum of $1 per foot, for which Roberts alleged in his answer the Drehmer Bros. agreed to sink the well, have made their verdict for a less sum, or indeed for a smaller sum than they did make it, $112.50, and the plaintiff in error was not prejudiced by the instruction of which complaint is made; and having determined this agreeably to a settled rule of the court, the verdict and judgment will not, for this reason, be reversed.

Another assignment of error is that the court erred in

rendering judgment against plaintiff in error for the costs incurred by plaintiffs in that court. In order to obtain a review of this action of the lower court in this court it was necessary to file a motion to retax the costs; and if the ruling of the trial court on the motion was adverse to the party making it, the ruling could then be reviewed in this court when properly removed and presented here. No motion to retax the costs was made in the lower court, hence the judgment for costs cannot be reviewed. (*Bates v. Diamond Crystal Salt Co.*, 36 Neb., 900.)

Instruction numbered 5, of the instructions given by the court on its own motion, was as follows: "But if, on the other hand, you find from a preponderance of the evidence that the $175 paid by defendant to plaintiffs was made and received as a part payment of the contract price, and such settlement was only a conditional agreement, and they were to be paid the balance of the contract price, on the performance of the condition, * * * then plaintiffs would be entitled to recover the balance of the contract price on the performance of the condition on the part of plaintiffs, or their offer to perform, and prohibited by the defendant, if you should so find." This instruction, it is claimed by counsel for plaintiff in error, was erroneous, in that it stated an incorrect rule for the measure of damages, wherein by it the jury was informed that " then plaintiffs would be entitled to recover the balance of the contract price on the performance of the condition on the part of plaintiffs, or their offer to perform, and prohibited by the defendant, if you should so find." In considering the objection to this instruction it must be borne in mind that the petition in this case set forth a contract, alleged the full performance of it, acknowledged a part payment of it, and prayed for a recovery of the balance of the consideration in full; that the answer admitted the making of the contract, probably alleged a lesser consideration than the petition, pleaded affirmatively a breach of the contract on the part of the

Drehmer Bros., and damages accruing from such breach, to the defendant Roberts, and contained the further allegation of a settlement and payment in full by Roberts to Drehmer Bros. for their services in sinking the well. Clearly, no such issue was raised by the pleadings in the case as is outlined in the above quoted instruction, although there was quite a large amount of evidence introduced during the trial on the question, to which the attention of the jury was directed by this instruction; but even if the instruction had been proper and admissible, or warranted by the issues joined by the pleadings, it was erroneous, in that it misstated the measure of damages. We understand the rule of damages where there has been a part performance and an offer to complete, which the employer rejected, that it raises a liability in favor of the other party, where the action is upon the contract, for not to exceed compensation for the work already performed, and profits to be made under the contract. (*Hale v. Hess*, 30 Neb., 42, and citations; Field, Damages, sec. 339, and cases cited; *M'Elwee v. Bridgeport Land & Improvement Co.*, 54 Fed. Rep., 629.) By the testimony introduced it was sought to bring before the court and jury, as an issue to be considered by them, that the parties at some date (the exact time is not material), after the well had been driven and pronounced complete by Drehmer Bros. but not so by Roberts, modified the contract in such a manner that if the well did not prove satisfactory by a named date, the Drehmer Bros. were to drive another, or make a well which would fulfill, in all respects, the terms of the original contract. There was no evidence introduced tending in any manner or degree to prove what plaintiffs should have received as compensation and damages, except the proof of the whole amount of the consideration, provided for by the contract originally. The instruction complained of was unquestionably erroneous, in that it was based upon an issue not raised by the pleadings, and did not inform the jury as to the true measure of damages, and

was calculated to mislead the jury to the prejudice of plaintiff in error.

REVERSED AND REMANDED.