CLARENCE BODTKE ET AL., APPELLEES, v. JOSEPH BRATTEN, APPELLANT.

90 N. W. 2d 818

Filed June 13, 1958. No. 34283.

*Beatty, Clarke, Murphy & Morgan, Frank E. Piccolo, Jr.,* and *Donald W. Pederson,* for appellant.

*Edward E. Carr* and *Robert E. Roeder,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ. YEAGER, J., participating on briefs.

WENKE, J., dissenting.

I disagree with the ruling of the majority of the court denying appellant's motion for rehearing because, in my judgment, we should strike from our opinion, reported as Bodtke v. Bratten, *ante* p. 36, 88 N. W. 2d 159, the language hereinafter set forth, which can be found on page 48 of 166 Neb., because it improperly restricts and limits appellant's rights on retrial. It is as follows: "Also, contrary to defendant's contention, he would not be entitled, under the facts and circumstances appearing in this case, to mitigate plaintiffs' damages in the amount of $200 or any other amount alleged to have been received by plaintiffs for pasturage after October 1, 1956. Defendant has not cited any authority and we have found none which would sustain the allowance of such mitigation."

Appellant's original contention in this regard was as follows: "Now if Bratten had left his cattle with Bodtke until October 1, the jury could very will find under the evidence in this record that Bodtke and Summers would have had no pasture for rent to Beitman or to any other person after October 1 and that the reason they got $200.00 from that pasture after October 1 was because Bratten had removed his cattle before October 1, to wit, on August 8 and that it was necessary that Bodtke account to Bratten for the $200.00 he received that he would not have received had Bratten left his cattle there until October 1. It was, therefore, the court's duty to instruct the jury on his own motion that if Bodtke and Summers received $200.00 for pasture rent

after October 1 that he would not have received, had the Bratten cattle remained there until October 1, then Bratten was entitled to have the $200.00 deducted from any recovery that Bodtke and Summers were entitled to against Bratten."

Appellees brought this action to recover damages for breach of a pasturage contract. The following rules are applicable in such cases:

"The measure of damages in the case of a breach of contract is the amount which will compensate the injured party for the loss which a fulfillment of the contract would have prevented or the breach of it has entailed." Gallagher v. Vogel, 157 Neb. 670, 61 N. W. 2d 245. See, also, authorities cited therein in support thereof.

"In a suit for violation of a contract the courts will not, for the measure of the damages, apply a rule which would give plaintiff a greater compensation for a breach of the contract than he could receive had it been performed." Bates v. Diamond Crystal Salt Co., 36 Neb. 900, 55 N. W. 258.

However, it is the duty of the person so injured to exercise reasonable care to mitigate his damages. As stated in 25 C. J. S., Damages, § 71, p. 560: "* * * the measure of damages is such sum as will compensate the person injured for the loss sustained, with the least burden to the wrongdoer consistent with the idea of fair compensation, and with the duty upon the person injured to exercise reasonable care to mitigate the injury, according to the opportunities that may fairly be or appear to be within his reach, * * *." See, also, Colvin v. Powell & Co., Inc., 163 Neb. 112, 77 N. W. 2d 900, wherein the foregoing is cited with approval.

And, as stated in 25 C. J. S., Damages, § 97, p. 644: "In case of a breach of contract, the defendant, generally, may show any matters which go to reduce the amount of loss actually suffered by the plaintiff."

While the original opinion sets forth some of the

facts I think it best to set out in more detail those relating to this issue. Appellees, Clarence Bodtke and Edward Summers, brothers-in-law who were jointly interested in the business of pasturing and caring for cattle for others, brought this action against appellant, Joseph Bratten, seeking to recover $1,137.70 for breach of a pasturage and care contract allegedly running from June 18 to October 1, 1956.

The agreement to pasture and care for appellant's cattle at $5 per unit, a unit consisting of a cow and calf, was entered into by appellant and appellees in the forepart of June 1956. As a result appellant put 100 cows and 98 calves in appellees' pasture on either June 18 or 19, 1956. At that time Herman Bratten, appellant's brother, had 20 cows, 20 calves, 4 yearlings, and 1 bull in appellees' pasture, having taken them there on June 14, 1956. At the same time a man by the name of Lawrence Block also had 20 cows, 20 calves, and 2 yearlings in appellees' pasture.

Appellees had four tracts of irrigated pasture, totaling 313 acres, which they intended to use to pasture these cattle and so advised appellant at the time the agreement was entered into. They were numbered from 1 to 4 and are as follows: Tract No. 1 consisted of 50 acres of wheat grass; tract No. 2 consisted of 90 acres of wheat grass and sweet clover; tract No. 3 consisted of 105 acres of brome grass and alfalfa; and tract No. 4 consisted of 68 acres of sudan grass. The tracts were to be rotated to permit irrigating after they had been used.

The three herds of cattle, hereinbefore referred to, consisted of 285 head. They were pastured on tract No. 1 until either July 15 or 22, 1956, when they were moved onto tract No. 2. They remained on tract No. 2 until August 8, 1956, when appellant and his brother, for reasons which they thought sufficient, removed their cattle by taking them home. Doing so caused this action to be brought.

There was competent and relevant evidence adduced from which a jury could find that had the Bratten cattle remained in appellees' several pastures until October 1, 1956, which is after the growing season, they would have exhausted all available pasture therein. For instance appellees testified that in former years these four tracts had been able to carry from 145 to 150 head, for that was the number of their own cattle they testified had been pastured therein. In this respect they considered a cow with calf one head. On that basis appellees had contracted to pasture 147 head in 1956.

When appellant's cattle were removed on August 8, 1956, the evidence shows there was good pasture on tracts Nos. 3 and 4. Sometime prior to September 16, 1956, appellees sold the pasture available in tracts Nos. 2, 3, and 4 to a man by the name of K. C. Beitman for $350. Of this amount appellees voluntarily applied $95.94 on the amount they claim appellant owes. The effect of our holding is that any balance thereof cannot be considered by a jury in mitigation of appellees' recovery. It seems to me that if a jury should find that had Bratten's cattle remained until October 1, 1956, they would have completely used up all the pasture available on these four tracts, which appellees admittedly intended to use to pasture appellant's cattle, then appellant should be allowed to show what amount the appellees received therefor and to have the jury reduce the amount of appellees' recovery, if any, by that amount.

I can see no difference between the sale of the pasture on tracts Nos. 2, 3, and 4 to Bratten and that of the pasture on tract No. 1 to Allan Hall and others on September 5, 1956, for $400. Yet, by our opinion, we affirmed the trial court's submission of the latter to the jury. The trial court did so by its instruction No. 6a, which is as follows:

"The jury are instructed that if you should find the

defendant indebted to the plaintiffs for any amount whatever on the agreement between plaintiffs and defendant, then there is a matter of $400.00 which you must consider in your deliberations of this case. If you should find from a preponderance of the evidence that it would be necessary for the plaintiffs to use pasture No. 1 a second time in the pasturing of Joe Bratten's cattle before October 1, 1956, then you should deduct or give credit to the defendant for the $400.00 collected for said pasture.

"But on the other hand, if you find from a preponderance of the evidence in this case that it would not be necessary for the plaintiffs to use pasture No. 1 a second time in pasturing Bratten's cattle to October 1, 1956 in order to carry out the terms of the pasturing contract, then you are not to consider the $400.00 in your deliberations in arriving at a verdict of this case."

In fact, the jury actually reduced the appellees' recovery in the full amount thereof, recovery being had for $737.30 or $400 less than the amount prayed for.

In my opinion the appellant is entitled to have the question of mitigation properly submitted to a jury as to both transactions, that is, the sale of the pasturage on tract No. 1 to Hall and others for $400 and to K. C. Beitman on tracts Nos. 2, 3, and 4 for $350.

CARTER and BOSLAUGH, JJ., join in this dissent.