HENRY MASTEN, APPELLEE, V. CAMPBELL MANUFACTURING CO., A CORPORATION, APPELLANT.

FRANCIS E. MASTEN, APPELLEE, V. CAMPBELL MANUFACTURING CO., A CORPORATION, APPELLANT.

198 N. W. 2d 326

Filed June 16, 1972. Nos. 38392, 38393.

Ronald K. Samuelson and Moodie & Moodie, for appellant.

Neil R. McCluhan of Kindig, Beebe, McCluhan, Rawlings & Nieland, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

These actions were brought to recover "commissions" alleged to be due the plaintiffs from the defendant. The trial court found that Henry Masten was entitled to judgment in the amount of $3,102 and Francis E. Masten in the amount of $2,679. The appeals to this court by the defendant were consolidated by stipulation.

The record shows that the defendant is a corporation engaged in the manufacture of sprayers and other agricultural equipment. The plaintiffs had been employed by the defendant and its predecessor for a number of years. Commencing in 1965, the plaintiffs and one other employee were each paid a commission or bonus in addition to their salary, based upon the invested capital and net income of the defendant.

In 1967, a dispute arose concerning participation by the plaintiffs in the management of the defendant. The plaintiffs demanded a greater voice in the management of the business which was refused. The plaintiffs claim, however, that agreements were made whereby they would receive their commissions for 1967 if they remained in the defendant's employment through the sprayer season. They performed this condition and claim they are entitled to commissions at least equal to those paid the preceding year.

The defendant claims the plaintiffs were not entitled to the commissions unless they were employees in good standing at the close of the fiscal year; there was no consideration for agreements regarding the 1967 commissions; and the evidence as to the amounts due was insufficient.

The evidence was conflicting but, when viewed in the light most favorable to the plaintiffs, was sufficient

to sustain a finding that the plaintiffs were entitled to commissions for 1967. The trial court could find that the plaintiffs were not bound to continue in the employment of the defendant and were free to enter into special agreements concerning the 1967 commissions.

The evidence as to the amount of the commissions due the plaintiffs consisted only of their estimates based upon the amount of business done during the time they remained in the defendant's employment. There was no attempt to produce evidence based upon the defendant's books and records and there is no evidence as to the amount of invested capital or net income of the defendant in 1967.

A claimant of substantial damages must furnish appropriate data to enable the trier of fact to find the amount of damages with reasonable certainty if the evidence of damages or the amount thereof are susceptible of definite proof. Damages may not be established by conjecture, speculation, or doubtful proof. Bitler v. Terri Lee, Inc., 163 Neb. 833, 81 N. W. 2d 318. See, also, Ridenour v. Kuker, 185 Neb. 321, 175 N. W. 2d 287.

The judgments of the district court are reversed and each cause is remanded for a new trial on the issue of damages.

REVERSED AND REMANDED.