ROBERT KROEGER, APPELLEE, v. FRANCHISE EQUITIES INCORPORATED, APPELLANT.

212 N. W. 2d 348

Filed November 23, 1973. No. 38905.

Wall & Wintroub, for appellant.

Norman H. Denenberg, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This was an action for damages for breach of contract. The defendant appeals from a judgment for the plaintiff in the amount of $4,000.

On November 9, 1970, the plaintiff entered into a subcontract with the defendant whereby the plaintiff agreed to furnish labor, materials, and equipment and perform all carpentry work required to construct a service station and restaurant in Omaha, Nebraska. The contract provided the plaintiff would begin and terminate his work according to a "Critical Path Schedule" which was a detailed construction schedule set out in the contract. It provided the carpentry work would be performed between December 3, 1970, and January 28, 1971.

The plaintiff commenced work on November 20, 1970. In December the plaintiff received a telephone call from the defendant's job superintendent, Burt Smith, who said he "was shutting the job down." The plaintiff heard nothing further from the defendant until April 1971. The plaintiff then did 8 hours additional work

on the job but refused to complete the contract because carpenters' wages were about to increase and the job had been figured originally on the basis of being winter work.

The entire evidence at the trial consisted of the written contract and the plaintiff's testimony. The defendant's answer alleged the plaintiff had agreed to the closing down of the job because of the weather. The evidence was to the contrary. The plaintiff testified he did not agree to closing down the job; that there was temporary shielding and a portable heating unit on the job; and the weather did not prevent construction from proceeding.

The defendant also claimed it had a right to reschedule the work under the contract. The contract provided that if the critical path schedule was revised, the plaintiff would receive 3 days' notice when the job was to be ready for him and claims for damage for delays were to be made promptly. We believe that a delay in all construction from December to April was not a "revision" of the critical path schedule within the meaning of the contract and the contemplation of the parties.

The petition alleged the plaintiff had performed work and services in the amount of $800 and was further damaged in the amount of $3,500. The plaintiff testified he and his employees had spent 139 ½ hours on the job; the job had been estimated on the basis of 1,000 hours work at $8 per hour plus 15 percent profit; and he had been paid $241 by the defendant.

The plaintiff was entitled to recover the value of the work performed plus the profit he would have received if he had been allowed to complete the job within the time provided in the contract. Hale v. Hess, 30 Neb. 42, 46 N. W. 261; Von Dorn v. Mengedoht, 41 Neb. 525, 59 N. W. 800; Roberts v. Drehmer, 41 Neb. 306, 59 N. W. 911. The plaintiff was required to furnish appropriate data to enable the trier of fact to find the damages with reasonable certainty. Masten v. Campbell

Manuf. Co., 188 Neb. 646, 198 N. W. 2d 326. Damages for breach of contract that are susceptible of definite proof are recoverable only to the extent the evidence affords a basis of ascertaining their amount in money with reasonable certainty. Ridenouer v. Kuker Industries, Inc., 185 Neb. 321, 175 N. W. 2d 287.

There was no satisfactory evidence of the reasonable value of the work performed and no evidence as to the profit the plaintiff would have realized if he had been permitted to finish the job as the contract originally provided. The contract required the plaintiff to furnish both labor and materials for "Carpentry per plans and specifications" but there was no evidence concerning the plans and specifications and no evidence concerning the labor cost to plaintiff and his overhead expenses.

The evidence was not sufficient to sustain the finding that the plaintiff was damaged in the amount of $4,000. The judgment is reversed and the cause remanded for a new trial on the issue of damages only.

REVERSED AND REMANDED.