Mulhollan v. Scoggin.

R. C. MULHOLLAN, PLAINTIFF IN ERROR, v. LEMUEL A. SCOGGIN, DEFENDANT IN ERROR.

1. **Practice:** OPENING DEFAULT. Where a default has been regularly entered against a defendant, personally served with summons, it is largely within the discretion of the court to say whether he shall be permitted to come in afterwards and make defense; and unless it be made to appear that there has been an abuse of discretion by the court below, in this particular, this court will not interfere.

2. ———: ———. When judgment on default has been entered against a defendant, and which he seeks to have vacated, good practice requires him to exhibit to the court such matters in excuse of his default as he is able, and in addition thereto, that he has a meritorious defense either in whole or in part to the action. Unless he do so he can have no standing in the supreme court on the question of his right to answer.

3. ———: ANSWER: WAIVER. Taking leave to answer is a waiver of all objections to the manner in which the previous orders of the court as to the itemization of the account sued on has been performed—no exception to such performance having been taken.

4. ———: EXHIBITS. If an exhibit to a pleading be objectionable the proper practice is to bring it to the attention of the court by motion.

ERROR from the Lancaster county district court, being brought there by appeal from justice's court. Scoggin obtained judgment by default. Mulhollan moved to set aside default and judgment. Motion denied, and he brought the cause up by petition in error.

*L. C. Burr*, for plaintiff in error, contended that defendant in error not having complied with orders of the court requiring him to attach exhibits to the petition, that Mulhollan would have until the next regular answer day to file answer. Gen. Stat., 546, Sec. 142. Rules of court No. 20 and 21. *Horn v. Queen*, 5 Neb., 108. Defendant may refuse to answer until plaintiff complies with orders of court. *Davis v. Hunt*, 2 Bailey, 416. *Mulholand v. Van Fine*, 8 Cow., 132. The order of court stayed proceedings. *Roosevelt v. Gardiner*, 2 Cow., 463. Default will be set aside where proceedings are irregular. *Depeyster v. Warne*, 2 Caines Reports, 45.

*A. L. Palmer*, for defendant in error, cited *Harrison v. Kramer*, 3 Iowa, 543. *Thatcher v. Haun et. al.*, 12 Iowa, 303. *State v. Elgin et. al.*, 11 Iowa, 216. *King v. Kinney*, 8 Iowa, 521. *Kreisinger v. The Community*, 16 Iowa, 586. *McNulty v. Everett*, 17 Iowa, 581. *Robinson v. Wheeler*, 51 N. H., 384.

LAKE, J.

There is no error shown in this record. The grounds upon which the judgment is sought to be reversed are:

*First.* The refusal of the court to set aside the judgment and default entered against the plaintiff in error, to enable him to file his answer to the petition.

*Second.* Because of alleged irregularities in previous orders of the court relative to itemizing the account on which the action was brought.

The record shows that the default was regularly entered three days after the time taken by the plaintiff in error to file his answer. Being thus in default, it was largely within the discretion of the court to say whether the party should be permitted afterwards to come in and make a defense; and unless it be made to appear

that there has been an abuse of discretion by the court below in this particular, this court will not interfere.

Where a judgment has been taken against a party on default, and which he desires to have vacated, good practice requires him to exhibit to the court such matters in excuse of his default as he is able, and in addition, that he has a meritorious defense in whole or in part to the action. Unless he do this he can have no standing in this court on the question of his right to answer. But here nothing of this kind was done. The motion to set aside the default was based solely on the ground that the time for filing the answer had not fully elapsed when the default was entered. This claim the record shows was unfounded. On the 22nd of February the order was made requiring the answer to be filed on the following Monday, the 25th. The default was not taken until the 28th of the same month. And in addition to this, there was no showing of a meritorious defense.

As to the second point, all that need be said is, that taking leave to answer was a waiver of all objections to the manner in which the previous orders requiring the itemization of the account had been performed, no exception having been taken. If an exhibit to a pleading be objectionable, the proper practice is to bring it to the attention of the court by motion. If this be not done the objection will be waived.

JUDGMENT AFFIRMED.