JACOB BIGLER, EXECUTOR, v. JAMES A. BAKER.

FILED MAY 2, 1894.   No. 5617.

1. **Judgment by Default**: ORDER VACATING: REVIEW.   The vacation of a judgment by default during the term at which it is rendered is largely within the discretion of the trial court, and presents no grounds for reversal unless there appears to have been a clear abuse of discretion.

2. ———: REVIEW OF ORDER ON MOTION TO VACATE. This court will require a stronger showing of abuse of discretion where the motion to vacate is allowed than in cases where a trial on the merits is denied.

3. **Contracts:** MUTUALITY: SPECIFIC PERFORMANCE. Want of mutuality is no defense, even in an action for specific performance, where the party not bound thereby has performed all of the conditions of the contract and brought himself clearly within its terms.

4. **Ejectment:** PLAINTIFF'S TITLE. The plaintiff, in an action of ejectment, must rely upon the strength of his own title and not upon the weakness of that shown by the adversary.

5. **Statute of Frauds:** VERBAL CONTRACTS TO PURCHASE LAND: LEASE: POSSESSION. Continued possession by a tenant is not such a part performance of a verbal contract for the purchase of land as to take the case out of the statute of frauds. Possession, to have such an effect, must be clearly shown to refer to and result from the contract and not the lease.

6. **Principal and Agent:** RATIFICATION. An averment that an agent was duly authorized is sustained by proof of subsequent ratification by his principal.

7. **Statute of Frauds:** DEEDS: PRINCIPAL AND AGENT. The deed of an agent, executed in the presence and under the personal direction of his principal, is not within our statute of frauds, and is not void for the reason that the execution thereof was not authorized in writing.

8. **Ejectment:** IMPROVEMENTS: DEFAULT IN PAYMENTS: VENDOR AND VENDEE. When the vendor in a parol agreement for the sale of land puts the purchaser in possession, and the latter, while holding under such agreement, makes lasting and valuable improvements upon the premises, such facts amount to a performance of the contract by him, and are a sufficient defense in an action of ejectment by the vendor, notwithstanding default of payment for the land.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

The facts are stated in the opinion.

*Pound & Burr*, for plaintiff in error:

To entitle a defendant to have default and judgment set

aside he must furnish not only satisfactory reasons in excuse for his default, but he must accompany his motion by his proposed answer, duly verified, so that the court may see whether he has a defense to the action. (*Spencer v. Thistle,* 13 Neb., 227; *Hale v. Bender,* 13 Neb., 66; *Mulhollan v. Scoggin,* 8 Neb., 202.)

When one writes the name of another to an instrument in his presence and at his request, the act of writing is regarded as the party's personal act as much as if he had held the pen and signed the instrument with his own hand. (*Wood v. Goodridge,* 6 Cush. [Mass.], 120; *Gardner v. Gardner,* 5 Cush. [Mass.], 483; *Jansen v. McCahill,* 22 Cal., 565; Story, Agency, sec. 51; *Ball v. Dunsterville,* 4 T. R. [Eng.], 313.)

The contract is void for want of mutuality. (Pomeroy, Contracts, sec. 162; Fry, Specific Performance, 286; *Jacobs v. Peterborough & S. R. Co.,* 8 Cush. [Mass.], 224; *Maynard v. Brown,* 41 Mich, 298; *Irwin v. Bailehy,* 72 Ala., 467; *Sturgis v. Galindo,* 59 Cal., 28; *Bodine v. Glading,* 21 Pa. St., 53; *Ballou v. March,* 133 Pa. St., 64.)

The mere fact that a person has made a contract for the purchase of land does not entitle him to enter upon and hold it, and a purchaser's possession so obtained, in the absence of some agreement permitting him to enter, would be unauthorized and unlawful. (*Williams v. Forbes,* 47 Ill., 148; *Dean v. Comstock,* 32 Ill., 173; *Burnett v. Caldwell,* 9 Wall. [U. S.], 290; *Carlisle v. Breman,* 67 Ind., 12.)

If the defendant was in possession under a lease at the time the contract of sale was made, his possession after that time must be referred to the original tenancy and not to the contract of sale. (*Mahana v. Blunt,* 20 Ia., 142; *Rosenthal v. Freeburger,* 26 Md., 75; *Wills v. Stradling,* 3 Ves. [Eng.], 378; *Jacobs v. Peterborough & S. R. Co.,* 8 Cush. [Mass.], 224.)

Ratification and estoppel, to be available, must be pleaded. (*Cravens v. Gillilan,* 73 Mo., 529; *Noble v. Blount,*

77 Mo., 235; *Bray v. Marshall*, 75 Mo., 327; *Burlington & M. R. R. Co. v. Harris*, 8 Neb., 140; *Maxwell v. Longenecker*, 89 Ill., 102; *Anderson v. Hubbell*, 93 Ind., 570; *Robbins v. Magee*, 76 Ind., 381; *Sims v. City of Frankfort*, 79 Ind., 452; *Ragan v. Chenault*, 78 Ky., 545; *Pollard v. Gibbs*, 55 Ga., 45; *Wilson v. Butler*, 33 Eng. Com. Law, 956.)

*Holmes, Cornish & Lamb* and *R. J. Greene*, contra:

The court was not in error in setting aside default and giving defendant permission to answer. (*Mulhollan v. Scoggin*, 8 Neb., 202.)

Under a general denial in the answer the defendant may prove any fact which negatives the plaintiff's right to the possession. (*Dale v. Hunneman*, 12 Neb., 221; *Rowe v. Beckett*, 30 Ind., 160; *Stehman v. Crull*, 26 Ind., 436; *Wicks v. Smith*, 18 Kan., 508; *Warren v. Crew*, 22 Ia., 315; *Sparrow v. Rhoades*, 9 Am. St. Rep. [Cal.], 197; *Kimball v. Gearhart*, 12 Cal., 50; *Bell v. Brown*, 22 Cal., 672; *Wilson v. Cleaveland*, 30 Cal., 201; *Bell v. Bed Rock Tunnel & Mining Co.*, 36 Cal., 219; *Semple v. Cook*, 50 Cal., 29; *Crary v. Goodman*, 12 N. Y., 266; *Traphagen v. Traphagen*, 40 Barb. [N. Y.], 537; *Tibeau v. Tibeau*, 19 Mo., 78; *Hayden v. Stewart*, 27 Mo., 286; *Cadiz v. Majors*, 33 Cal., 288; *Warren v. Crew*, 22 Ia., 315.)

The contract was not void for want of mutuality. (Pomeroy, Contracts, secs. 164, 165; *Walker v. Eastern Counties R. Co.*, 6 Hare [Eng. Ch.], 594*; *Dalzell v. Crawford*, 1 Pa. L. J. Rep., 155.)

When the contract makes no mention of the possession and the land is vacant, and the vendee has paid the entire consideration and fully performed on his part, and the delivery of the deed is all that remains to be done, there is an implied agreement or license that the vendee may at once take possession and have the use of the land. (*Sherman v. Savery*, 2 McCrary [U. S. C. C.], 118; *Miller v.*

*Ball*, 64 N. Y., 293; *Suffern v. Townsend*, 9 Johns. [N. Y.], 35.)

Tender is equivalent to payment. (*Gaven v. Hagen*, 15 Cal., 208; *Henry v. Raiman*, 25 Pa. St., 354.)

In ejectment by the vendor to recover the land the vendee can defend or protect his possession by showing a performance on his part, or that he is not in default. (*Pierce v. Tuttle*, 53 Barb. [N. Y.], 155.)

Mr. C. C. Burr, now being the owner of the land, is, by the law of estoppel, precluded from asserting title superior to that of the defendant in error. (*Griswold v. Haven*, 25 N. Y., 595; *Smith v. McNeal*, 68 Pa. St., 164; *McKelvy v. Truby*, 4 Watts & Serg. [Pa.], 323; *Sherrill v. Sherrill*, 73 N. Car., 8.)

Post, J.

This was an action by James E. Jones in the district court of Lancaster county to recover possession of a part of the northwest quarter of section No. 14, township No. 10, range No. 6, in said county, which is fully described in the pleadings, but which does not call for a more specific description in this opinion. At the September, 1890, term of the district court the defendant in error, who was the defendant below, being in default, judgment was entered in favor of the plaintiff in accordance with the prayer of his petition. Three days later, and presumably at the same term, the defendant filed a motion, supported by affidavit, for the vacation of said judgment, which motion was, at the November, 1890, term, sustained and leave given the defendant to answer, which he did four days later, to-wit, on the 15th day of December. At the September, 1891, term a trial was had, resulting in a finding and judgment for the plaintiff, which was, on the motion of the defendant, set aside and the cause continued. At the February, 1892, term the defendant, by leave of court, filed an amended answer, to which a reply was in due time filed

and a trial had, resulting in a verdict and judgment for the defendant, which we are now asked to review upon petition in error.   Subsequent to the filing of the petition in error, Jones died, whereupon the action was revived in the name of the plaintiff in error, his executor.

The errors alleged are: 1. The court erred in vacating the judgment by default.   In this connection it is argued that the grounds stated in the affidavit accompanying the motion were not sufficient to excuse the default, and that the motion should have been accompanied by the proposed answer.   The affidavit referred to is as follows:

"R. D. Stearns, being first duly sworn, on oath says that he is attorney ·for said defendant in the above entitled cause, and has been for the last two years or more; that at the commencement of the September, A. D. 1890, term of the district court affiant spoke to L. C. Burr, one of the attorneys of record in the above cause, and informed him, said Burr, that he, affiant, was attorney for defendant, and told him, said Burr, that he, affiant, was very busy with the criminal docket, and asked said Burr if it made any difference if said answer was not filed for a while, and said Burr said, 'No, it didn't make any difference;' that he would take no advantage of it, as the case could not be tried anyhow this term; that within a day or so affiant prepared an answer to plaintiff's petition, except the attaching of a copy of a contract, which defendant desired to make a part of his answer, and which said contract had been mislaid and defendant was unable to find at that time, and the filing of the answer was thereby delayed.   Affiant says he was entirely misled by Attorney L. C. Burr in the matter.   He had no idea the case could possibly be reached, a jury case, No. 309 on the docket.   This said case is one in ejectment, affecting the title to valuable land which defendant claims to be entitled to; that defendant has been a resident of this land some four or five years; has put valuable and lasting improvements upon said land, such as dwelling house,

Bigler v. Baker.

farm corrals, windmills, fences, etc.; that he has a good
and valid defense to the claims made by plaintiff in his
petition.    In any event defendant is an occupying claim-
ant and is entitled to compensation for his valuable and
permanent improvements placed upon said lands.    Where-
fore defendant asks to have said judgment opened up and
defendant allowed to come in and defend, and defendant
now asks leave to file his answer setting out his defense.

"R. D. STEARNS.

"Subscribed in my presence and sworn to before me this
27th day of October, 1890.          J. D. HARRIS,

"*Deputy Clerk District Court.*"

It is not claimed for this affidavit that the showing
therein is in all respects such as good practice requires.
For instance, the defense must be inferred from the con-
clusions of the affiant rather than the facts alleged.    But
the vacation during the same term, of judgments by de-
fault, is so largely a matter of discretion for the trial court
that this court will decline to interfere unless there appears
to have been a clear abuse of discretion. (*Mulhollan v. Scog-
gin*, 8 Neb., 202.)    It may be said also that good practice
requires the motion to be accompanied by the proposed
answer in order that it may be determined whether there is
a sufficient defense to the action.    When, however, the
court has resolved that question in favor of the moving
party upon the evidence in the motion and affidavits and
an answer subsequently filed and trial had, a stronger show-
ing of abuse of discretion will be required than where a
trial on the merits has been denied.    (*Westphal v. Clark*,
46 Ia., 262.)

2. It is argued that the court erred in admitting in evi-
dence the written agreement upon which the defense rests.
In this connection it is deemed proper to set out the ma-
terial allegations of the answer, which after, a general
denial, are as follows:

"Further answering, this defendant alleges that he is in

possession of the premises described in plaintiff's petition, and has been since the 25th day of May, 1886, by virtue of a certain written agreement given by the plaintiff through his authorized agent, C. C. Burr, which arrangement was in words and figures as follows, to-wit:

"'LAW OFFICE OF CARLOS C. BURR,

"'LINCOLN, NEBRASKA, May 25, 1886.

"'In consideration that James A. Baker shall pay me $100 on June 1, 1887, execute a mortgage and notes to me aggregating $1,900, as follows:

$200, due June 1, 1888,
200,    "      "    1889,
200,    "      "    1890,
200,    "      "    1891,
300,    "      "    1892,
400,    "      "    1893,
400,    "      "    1894,

with interest at six per cent per annum from June 1, 1887, I agree to convey to him by quitclaim deed the undivided ($\frac{2}{3}$ of S. $\frac{1}{2}$ N. W. $\frac{1}{4}$) two-thirds of the south half of the northwest quarter 14-10-6.        JAS. E. JONES,

"'By C. C. BURR, *Agt.*'

which said agreement was duly filed for record in the office of the county clerk for Lancaster county, Nebraska, on the 25th day of May, 1886, being same land described in petition, interest having been apportioned in partition.

"Defendant further alleges that since entering in and upon the said described premises by virtue of said contract of sale as aforesaid, he has made lasting and permanent and valuable improvements on said premises of the value of $10,000. Defendant further alleges that he has performed all of the terms and conditions of said written contract upon his part to be performed, and upon the first day of June, 1887, this defendant tendered to C. C. Burr, the agent as aforesaid, $100, lawful money of the United States, and at the same time made known his willingness and in-

tentions to execute the notes and mortgage as provided in said written agreement; and that afterwards and from time to time the said defendant has made tender of all the money due and owing upon said written agreement to the said plaintiff, which tender has been refused, and the said defendant now brings into court the full sum of money due upon said contract, together with all accrued interest thereon, and makes tender for the same in open court; and defendant avers that at all times since the making of said memorandum or agreement this defendant has been ready and willing to pay the several sums of money as they became due, from time to time, and has made tender of the same, either to the plaintiff or to his agent."

The ground of the objection to the agreement is that according to the testimony of the defendant it was made with the plaintiff and not with Burr as agent, and that the only connection of the latter with the transaction was to reduce the agreement to writing in accordance with the dictation of the plaintiff. We will not controvert the proposition that an allegation of a contract through an agent is not sustained by proof of a contract in person by the party sought to be charged. It is asserted by the plaintiff, and readily conceded, that where an instrument is executed in the name of the maker in his presence and at his request, it will be regarded as the personal act of the latter; but that is a rule for the benefit of the adverse party, and has never, so far as we are informed, been given the application here suggested. The defendant might have alleged a personal agreement, but having elected to treat Mr. Burr as agent of the plaintiff the latter will not be heard to complain, since the agreement set out is the identical one tendered to and accepted by the defendant.

3. It is contended that the agreement relied upon is void for want of mutuality. It is true there is found therein no express agreement by the defendant to purchase the land in controversy; but it is charged in the answer, in

substance, that the defendant went into possession under said contract on the day of its execution, that he has since said date made lasting and valuable improvements thereon, and that he has performed all of the conditions imposed upon him by the terms of said contract. With regard to the degree of mutuality required in a contract in order to warrant its enforcement at the hands of a court of equity, the authorities are, unfortunately, not harmonious. There are cases in this country which hold that unilateral agreements, like the one under consideration, are mere wagers, and will not be enforced, either at law or in courts of equity (see *Maynard v. Brown*, 41 Mich., 298); but the true rule is believed to be that want of mutuality in such case is not a valid objection, even to decree of specific performance, where the moving party has performed all of the conditions imposed upon him, and brought himself clearly within the terms of the agreement. (See *Van Doren v. Robinson*, 16 N. J. Eq., 259; *Green v. Richards*, 23 N. J. Eq., 32; *Reynolds v. O'Neil*, 26 N. J. Eq., 223; *Johnston v. Trippe*, 33 Fed. Rep., 530; *Schields v. Horbach*, 30 Neb., 536; Fry, Specific Performance, 291.) Perhaps the leading case in this country is *Clason v. Bailey*, 14 Johns. [N. Y.], 484, where Chancellor Kent was at first disposed to follow Lord Redesdale in *Lawrenson v. Butler*, 1 Sch. & Lef. [Irish Ch.], 13; but upon a careful review of the authorities he concluded that the contrary doctrine was firmly established in the English courts. Our conclusion is that the answer alleges such an acceptance of the agreement and performance of its conditions as to bring this case clearly within the rule stated.

4. It is next argued that the evidence does not prove that defendant went into possession under the contract of sale. It is conceded that he was in possession as tenant of Jones at the date of the contract. It is a well established rule that where one is in possession as tenant at the time he contracts for the purchase of the demised premises, his

subsequent possession will be presumed to be under the
lease, unless it be clearly shown to result from the subse-
quent agreement. (1 Sugden, Vendors & Purchasers, 162,
163 ; *Johnston v. Glancy,* 4 Blackf. [Ind.], 94 ; *Mahana v.
Blunt,* 20 Ia., 142.) The trial court, in several paragraphs,
instructed the jury, in substance, that in order to find for
the defendant they must be satisfied that he entered into
possession under the contract of sale. The court might
with propriety have added that the defendant's subsequent
possession was presumed to be under his lease, especially
since it, by its terms, did not expire until some months there-
after ; but as no such instruction was tendered by the plaint-
iff, the inference is that he was satisfied with that feature
of the charge. The jury evidently found that the defend-
ant held under the contract and not the lease ; and with
that finding we cannot interfere, for reasons which will be
stated in the consideration of the application of the stat-
ute of frauds to the contract in question.

5. Plaintiff offered to prove by a witness called to tes-
tify in rebuttal that the defendant had sold the contract
relied on to Mr. Imhoff, and had in pursuance of said sale
placed it in the hands of the witness; that Imhoff had
paid to plaintiff $200, and agreed to pay the further sum
of $800 therefor, and that plaintiff had "surreptitiously
obtained said contract" from the witness while the latter
was holding it for Imhoff. This evidence was excluded
on the objection of the defendant, which ruling is assigned
as error. The plaintiff in ejectment must recover on the
strength of his own title, and cannot rely upon the weak-
ness of that shown by his adversary. (*Buller v. Davis,* 5
Neb., 521.) If the contract had been so far executed by
the defendant as to entitle him to possession thereunder,
it would not avail the plaintiff to prove that a stranger
had subsequently acquired rights which would entitle the
latter to possession as against him. The trial court there-
fore did not err in excluding the evidence offered.

6. Several paragraphs of the instructions are assailed on the ground that the question of ratification by Jones of Burr's act in executing the contract was thereby submitted to the jury, whereas it was not presented by the pleadings. In other words, it is contended that ratification by a principal of the unauthorized act of his agent must be specially pleaded by the party asserting it. The authorities cited in support of this proposition are all, we believe, cases involving the question of estoppel and therefore not in point, while it has been held that an averment in a pleading that an agent was duly authorized by his principal is sustained by proof of subsequent ratification. (*Hoyt v. Thompson*, 19 N. Y., 207; *Hubbard v. Town of Williamstown*, 61 Wis., 400.)

7. The question of Burr's authority to execute the contract mentioned was presented both during the trial and by requests to instruct. It is provided by section 3 of our statute of frauds that "no estate or interest in land, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same;" and by section 25 it is provided that "every instrument required by any of the provisions of this chapter to be subscribed by any party may be subscribed by his agent, thereunto authorized by writing." These provisions were construed together in *Morgan v. Bergen*, 3 Neb., 209, where it was held that a written agreement executed in behalf of his principal by an agent did not satisfy the requirement of the statute, but that the authority of the latter must also be in writing. To this, which is without doubt the general rule, there are recognized exceptions, some of which will now be noticed. In *McMurtry v. Brown*, 6 Neb., 375, it is said: "The character of a power under which an agent

may execute a deed for another depends upon the presence or absence of the principal. If it is signed in his presence by his direction, an oral request to do the act is all that is required." And the rule as there stated is sustained by the decided weight of authority. (See *Gardner v. Gardner*, 5 Cush. [Mass.], 483; *Mutual Benefit Life Ins. Co. v. Brown*, 30 N. J. Eq., 193; Story, Agency, sec. 51; 2 Greenleaf, Evidence, 295.) According to the testimony of the defendant the agreement under consideration was prepared and signed in the presence of Jones and in accordance with his personal direction. The question of authority was therefore properly submitted to the jury. Another exception to the general rule is where the vendor in a parol agreement for the sale of land puts the purchaser in possession, and the latter, while holding under such agreement, and induced thereby, makes valuable and lasting improvements upon the premises. In such case the purchaser may, upon tendering the consideration price, demand a specific performance of the contract, or may rely upon such facts to defeat an action of ejectment by the vendor, although in default of payment of the purchase money. (Pomeroy, Equity Jurisprudence, 1409.) The defendant testified that upon the execution of the contract he took immediate possession of the premises and built thereon a house 24 by 60 feet and 16 feet high, barn, and windmill; that he dug three wells on the land, set out trees, and broke up a part of it, which improvements are of the value of $5,000. He also testified that while engaged in the erection of the house above described he was visited by Jones, who, although aware of said improvements, made no objection thereto. It is conceded that defendant on the 1st day of June, 1887, tendered to Mr. Burr, who executed the agreement of sale as agent of Jones, the sum of $100, being the first payment to mature under said agreement. This tender was refused by Burr, for reasons assigned in writing as follows:

26

"Lincoln, Neb., June 1, 1887.

"I hereby acknowledge tender to me of $100, by Jas. A. Baker, J. E. Jones, under a pretended contract of his, dated May 25, 1886, involving the undivided $\frac{2}{3}$ of S. $\frac{1}{2}$ N. W. $\frac{1}{4}$ sec. 14, T. 10 N., R. 6 E., Lancaster Co., Neb., for the reason that I am not the agent of the said James E. Jones, nor authorized to receive any money for him for any purpose whatsoever.            C. C. Burr."

Defendant made repeated but unsuccessful efforts to find Jones, who it seems had left about that time for his home in England. Finally, he was referred to a Mr. Muff, of Crete, as the person to receive payment of the sum due, to whom he offered settlement, but which was refused on the advice of Mr. Burr, to the effect that the agreement was not binding on Jones. Again, in the year 1890 defendant tendered the plaintiff the full amount due by the terms of the contract, which was also refused. The making of the improvements enumerated does not appear to have been controverted on the trial. Defendant is corroborated to some extent by Mr. Strode, who was present at a conversation of the former with Jones, in May, 1890, when the latter, referring to the amount alleged to be due on the contract, remarked that he wanted all of the money. Although this evidence was contradicted on the trial by the testimony of Jones, who is to some extent corroborated by other evidence, the question was properly submitted to the jury.

8. It is strenuously argued that the verdict is not supported by the evidence. It is sufficient to say that the evidence is conflicting, and while we might have reached a conclusion different from that of the jury, we cannot now disturb the judgment based upon the verdict without over-ruling a multitude of cases which assert a rule as salutary as it is well established, viz., that this court will not reverse a judgment on account of mere difference of opinion be-

tween ourselves and the trial court on questions of fact.
The judgment is

AFFIRMED.*

---

* Upon motion for a rehearing, payment into court by the defend-
ant in error of the purcha-e money and interest by September 1, 1894,
was made a condition of affirmance.