## Arlowe D. Sutter v. State of Nebraska.

### Filed March 16, 1918. No. 20398.

1. **Homicide: Evidence: Materiality.** Evidence of an intention to commit suicide is not immaterial in a murder case, where deceased was found dead under circumstances not inconsistent with the theory of suicide.

2. ———: ———: ———. Evidence of declarations by deceased of intention to commit suicide, or evidence consisting of the written statements of the deceased bearing upon the question of intention to commit suicide, is admissible in a murder case, if introduced solely to show the state of mind or intention of the one making them, at the time they were made.

Error to the district court for Lancaster county: P. James Cosgrave, Judge. *Reversed.*

*R. J. Greene,* for plaintiff in error.

*Willis E. Reed, Attorney General, Charles S. Roe* and *John L. Cutright, contra.*

*Sterling F. Mutz, amicus curiæ.*

Cornish, J.

On the night of March 10, 1917, defendant's wife was found dead, with a bullet hole in her body, under circumstances which did not negative the possibility of death by suicide. The defendant (plaintiff in error), on trial charged with killing her, sought to prove suicide by evidence of threats made by her to commit suicide and letters written by her within three weeks of the time of her death. This evidence was excluded by the trial court, which ruling of the court the defendant, convicted of murder in the first degree, assigns as error.

Where one is found dead under circumstances making doubtful the manner of his death, if the theory of suicide is suggested, we naturally inquire concerning the state of mind of the dead person—whether by his

acts, writing or speech suicidal intent was indicated or shown. If one on whom we could rely would quote the dead person as having declared an intention to commit suicide, and the known circumstances of his death were consistent with such intention, we might at once accept suicide as the explanation of the tragedy. And yet, in spite of this instinctive, common sense, and, we believe, scientific mode of inquiry, some courts—a minority— have excluded the testimony on the ground that the declaration, not being a dying declaration or part of the *res gestæ,* is hearsay.

We are of opinion that such evidence is not hearsay, but is original evidence bearing upon state of mind, and, when the undisputed facts and circumstances of the case furnish a reasonable basis for the theory of suicide as a defense, the evidence should, ordinarily, be admitted. The reasons for this conclusion might be stated thus: (1) Defendant is not guilty if death was self-inflicted, and must be permitted to prove it, if provable. (2) If suicidal intent existed, then, indisputably, the mere fact of such intent renders more probable the theory of death by suicide. (3) It follows that, if suicidal intent may be evidenced by previous conduct, writings or speech, proof of them must be permitted. (4) Suicidal intent is a state of mind, distinguishable from acts done in pursuance of the intent.

State of mind is indicated more or less by appearances, conduct and speech. Every word and act may bespeak the real mind, in fact, does, to a being who knows. The same, you say, is true of hearsay. But hearsay is rejected because the immediate object is the truth of the statement, not the intent or state of mind. Just as a declaration may unmistakably show knowledge or notice, so may it be evidence of intent. The mere fact of the coincidence, death following the declaration, is evidential. It would be suggestive, even though the person had protested that he never would

take his own life.  The thought at least was entertained.

A declaration containing a statement of fact external to the mind is, of course, as to that fact, hearsay. While declarations have in them some of the elements of hearsay, yet they are frequently natural expressions of feeling which have never been regarded in the law as hearsay.  The question is: What actual inferences of fact may be reasonably drawn from them as to an existing state of mind?  In personal injury cases, the courts permit exclamations and declarations as evidence of pain and suffering, and permit the doctor, as an expert, to draw conclusions as to bodily conditions from the person's narrative of his condition.  In will cases, the condition, or intention of the testator is permitted to be evidenced by his declarations.  Cases involving the validity of a gift furnish another example.  In cases of alienation of affection, the statements and declarations of the wife, bearing upon her affections for her husband, before the alleged seduction, are permitted.  In these cases, we recognize that the words of the person, whose state of mind is the subject of inquiry, may be false.  Evidence of them is admitted because they do have evidential value in determining the condition of mind or intention.

Evidence that the accused threatened to do the killing, or, the defense being self-defense, evidence that the deceased had threatened the accused, is permitted.

The real reason, we are inclined to believe, why the courts have hesitated to admit the testimony under consideration is similar to that contained in the various statutes of frauds requiring a certain kind of testimony to establish certain facts.  The person alleged to have made the declaration is dead, and the evidence of it, possibly manufactured, is difficult or impossible to meet. But, as said in 1 Wigmore, Evidence, sec. 143: "That the evidence, may be manufactured, is no reason for its exclusion; for it may also *not* be manufactured,

and, if not, it is most cogent.'' That such evidence may not always be entirely trustworthy goes only to the weight of it. The jury should be told that the evidence is to be considered only as it may tend to prove an existing state of mind, showing suicidal intent, should be weighed with caution, must appear to have been made in a natural manner, and not under circumstances of suspicion, and must tend to explain the facts connected with the killing.

In such a case as this, where the life and liberty of the accused are at stake, no evidence, whether of declarations or written words of the deceased, which reasonably bears upon the issues should be excluded. Justice and humanity require its consideration.

For the reasons given in this opinion, the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK and HAMER, JJ., not sitting.