MARTHA E. COATES, APPELLEE, v. CHARLES L. O'CONNOR, APPELLANT.

FILED JUNE 15, 1918. No. 19630.

1. **Judgment: VACATION.** Where it is shown that there is a good defense, and that failure to defend was due to the mistake or miscalculation of defendant's attorneys as to the time allowed to plead, an application to open the judgment made at the same term should be sustained.

2. **Attachment:** SALE: NOTICE TO PURCHASER. In such case, if there has been a sale of attached property under circumstances which would amount to notice to the purchaser of the rights of the defendant, he will be held to purchase subject to the defendant's rights.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Flansburg & Flansburg,* for appellant.

*O. B. Clark, contra.*

*T. F. A. Williams, amicus curiæ.*

HAMER, J.

This is an appeal from an order made on a motion to set aside a judgment and an order of confirmation of real estate sold under attachment. The application and motion were overruled, and the defendant has appealed.

The action was brought on an account for work and labor and for nursing the defendant's wife, the plaintiff's mother, during an illness. The court made an order permitting service by publication, and also issued an order of attachment, which was levied on two lots of defendant situated in an addition to the city of Lincoln. The service was made, by publication. The plaintiff and defendant were residents of California. There was a default taken against the defendant on the 27th day of September, 1915, and a judgment was entered for $600, and the attached property was ordered to be sold to satisfy the judgment and costs. The lots appear to have been advertised together, and were sold November 30, 1915, to Roy A. Bickford for $600. The case was set for hearing on an application for an order of confirmation December 4, 1915. On that date the order of confirmation was made, and the sheriff was ordered to make a deed to the purchaser. The order of confirmation is shown by the journal entry to have been made December 4, 1915. The order to show cause only left two intervening days between its date and the time fixed as ''Friday next''

when cause should be shown why the sale should not be confirmed. The rather rapid succession of the orders indicates some desire on the part of the plaintiff to "speed up." The facts seem to show that the confirmation was rapidly expedited, and on the same day that the sale was confirmed the sheriff's deed was delivered to the purchaser. That the purchaser had notice that the proceeding would be contested is quite apparent, and the utmost haste was made to get in out of the possible rain before the storm arrived.

The facts set forth in the affidavits of C. C. Flansburg and Leonard A. Flansburg, in behalf of defendant, do not seem to be specifically denied, but only partly and in a vague way. The affidavits deny the employment of appellee and deny that any services were rendered. It is undisputed that some of the essential allegations of the petition were false.

If the facts alleged in the answer tendered by the defendant are true, then the judgment rendered takes away from the defendant at least $1,600 worth of property on a debt which he did not owe. According to the answer there was never any foundation for the claim of the plaintiff, and what she did, if the affidavits are to be believed, was to avoid stating her claim to the defendant, and, without letting him know that she claimed any sort of indebtedness against him, she went out of the neighborhood where they lived and went to a foreign state for the purpose of surreptitiously attaching and selling his property there without his knowledge.

No one disputes the affidavit of O'Connor that the plaintiff was his mother-in-law; that she and her husband came to the defendant O'Connor's home in California; that the plaintiff was never requested to nurse her daughter, or to do the housework; that there was a nurse, and that there was a servant employed who did the housework part of the time; that the plaintiff never requested payment from her son-in-law, or in any way indicated that she believed her son-in-law owed her, although he

was financially able to pay her. The case wholly depends on affidavits. The plaintiff, without letting her son-in-law know that she had any claim against him, commenced this case in a foreign state by attachment against his city lots. All the parties seem to have acted with more or less notice and more or less knowledge of the rights of all the parties. Where it is shown that there is a good defense, and that failure to defend was due to the mistake or miscalculation of defendant's attorneys as to the time allowed to plead, an application to open the judgment made at the same term should be sustained. A reasonable opportunity should not be denied to the defendant. If the plaintiff has a cause against him, she should be able to make it when the case is heard before a court and a jury.

Decisions cited by appellee in actions or motions for new trial after the term at which the judgment was entered are not in point. When default judgment is entered, without personal service and on constructive service only, and application is made at the same term for an opportunity to defend, and a good defense is shown with the application, the trial court will generally allow the defendant an opportunity for trial upon the merits. If the failure to appear and defend is attributable to negligence or carelessness of defendant, the court will impose such terms as to costs as appear to be just. But when, as in this case, the proceedings have been urged with unseemly haste on the part of the plaintiff, and there has been evidence offered of an attempt on plaintiff's part to prevent settlement or a fair trial, if application for a trial upon the merits is made at the same term, and within a few days after the default and sale, such application is never refused. Under such circumstances, one who purchases the property at the sale for a mere fraction of its real value will be held to have acted at his own risk, so far as the rights of the defendant are concerned. His rights as against the plaintiff and those assisting him will depend upon circumstances not affecting the defend-

ant. In *Bigler v. Baker,* 40 Neb. 325, this court said, in substance, that in reversing a decision of the lower court on a motion to vacate a judgment, it will, in deciding whether or not there was an abuse of discretion, require a much stronger showing to substantiate an abuse of discretion when the judgment is vacated, than when it is not. In 23 Cyc. 897, it is said: "If he (the party) shows himself plainly and justly entitled to the relief demanded, the court must grant the application and has no discretion to refuse it."

We think that the order of confirmation should be set aside, and the case opened, with leave to the defendant to make such defense as the facts in the case may warrant.

REVERSED AND REMANDED.

The following opinion on motion for rehearing was filed October 18, 1918. *Rehearing denied.*

SEDGWICK, J.

The question on this motion for rehearing is as to the proper construction of section 8087, Rev. St. 1913. Section 7646, Rev. St. 1913, has no application because this application to vacate the judgment was not after the term, but during the term at which judgment was entered, and section 7646 applies only to applications made after the term. Section 8087 provides that the reversal of a judgment "shall not defeat or affect the title of the purchaser or purchasers." It follows that, merely because the judgment is reversed, the title of the purchaser is not defeated nor affected. But that does not mean that any one and every one under all circumstances gets good title by purchase at a judicial sale. For instance, a guardian who purchases his ward's property at a judicial sale does not necessarily get good title. This has frequently been decided by this court, and in *Kazebeer v. Nunemaker,* 82 Neb. 732, it was carried a step further, and held that the purchaser from the guardian, who had purchased

Coates v. O'Connor.

at the judicial sale, did not necessarily get good title. The syllabus says: "A *bona fide* purchaser under said decree will be protected by section 508 of the Code, even though the judgment is thereafter reversed." This, of course, is the meaning of section 8087. One who purchases at a judicial sale, knowing that the proceedings are fraudulent, and that he is assisting in the fraud by so purchasing, does not get good title by such purchase. The purpose of the paragraph of the syllabus, which is complained of in this motion for rehearing, was to leave the question open as to whether Roy Bickford, the purchaser, was entitled to the protection of the statute as a purchaser in good faith. If he was a purchaser in good faith, then by these proceedings, fraudulent on the part of the judgment plaintiff in the attachment, the defendant in that case is defrauded of his land, and Roy Bickford, the purchaser, by paying $600 has procured property that is worth at least $1,600. The paragraph of the syllabus, which is complained of, leaves the question open as to whether Roy Bickford purchased in good faith. The motion to open the default and to be allowed to defend was made at the term at which the default was entered. Under conditions existing in this case, the trial court would generally sustain such motion. The purchaser of real estate at a sale during the term at which judgment by default was entered would not ordinarily be presumed to be protected by the statute, if the default is set aside, but would be required to show his good faith in the purchase.

The motion for rehearing is

OVERRULED.