ARCH LACEY, APPELLEE, V. CITIZENS LUMBER & SUPPLY COMPANY ET AL., APPELLANTS.

FILED MAY 12, 1933. No. 28537.

*Chambers & Holland* and *Howard S. Foe,* for appellants.

*Shelburn & Russell, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This is an appeal from an order of the district court, overruling defendants' motion to vacate a judgment entered against them by default, and for permission to file an answer.

The action was begun in October, 1931. On or before answer day, defendants filed a motion to require plaintiff to make his petition more definite and certain. November 30, 1931, this motion was sustained in part, the court directing plaintiff to amend the petition by interlineation.

On December 7 plaintiff complied with the order and amended his petition in the particulars required by the court's order. Thereafter there was correspondence between counsel for the respective parties regarding a possible compromise and settlement of the case. Offers and counter offers were made, but the parties were unable to agree upon a settlement of the controversy. This correspondence lasted until about December 23, 1931. In the meantime counsel for defendants, residing in Lincoln, wrote two or three letters to the clerk of the court at Alma, Nebraska, asking to be advised as to what time had been fixed for pleadings and when the next jury term of court would be held. The only response which he received to these letters was a copy of the bar docket for the next term, which opened on January 25, 1932.

Counsel for defendants evidently overlooked the necessity for having an answer on file. On January 25, 1932, being the first day of the new term of court, without notice to defendants or their counsel, plaintiff called up the case, took a default and procured the entry of judgment. Counsel for defendants did not ascertain this fact until about a week later. He then filed motion, supported by affidavit, setting forth the requests made upon the clerk of the court for information and the fact that negotiations for a compromise settlement had been pending, and that, through oversight of counsel, he had neglected to file an answer within the time required by law. After a hearing upon this motion, it was overruled, and defendants prosecute this appeal.

It thus appears that, through the neglect or oversight of their counsel, defendants have been deprived of an opportunity to make their defense. At the time of filing the motion to vacate the default judgment, an answer, stating a good defense, was tendered. The motion to vacate was made promptly and at the same term at which the default judgment was rendered.

In *Coates v. O'Connor*, 102 Neb. 602, this court held: "Where it is shown that there is a good defense, and that

failure to defend was due to the mistake or miscalculation of defendant's attorneys as to the time allowed to plead, an application to open the judgment made at the same term should be sustained."

It is a well-established rule that, in the furtherance of justice, district courts may vacate or modify their own judgments at any time during the term at which they are rendered. *Netusil v. Novak,* 120 Neb. 751; *Bradley v. Slater,* 55 Neb. 334. Ordinarily, where a judgment has been entered by default and a prompt application made at the same term to set it aside, with a tender of an answer disclosing a meritorious defense, the court should, on reasonable terms, sustain the motion and permit the cause to be heard upon the merits. 15 R. C. L. 720, sec. 174; *Citizens Nat. Bank v. Branden,* 19 N. Dak. 489.

In the instant case, it appears that defendants tendered a meritorious defense and have been deprived of a hearing upon the merits simply because through inadvertence their counsel failed to file answer within the proper time. The court, in the exercise of a sound discretion, we think, should have sustained the motion upon such terms as it deemed just. The courtesy that should prevail between opposing counsel to a cause ordinarily requires that counsel for one party should, before taking a default, give notice to counsel for the other side of his intention so to do.

The order of the district court denying the motion to vacate the default judgment is reversed, with directions to permit defendants to file an answer and to be heard upon the merits, and that the costs accruing to the date when the motion to vacate was passed upon should be taxed to defendants absolutely.

REVERSED.