BETHINE BARNEY AND MARTIN ROBLES, APPELLEES, V. PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, A CORPORATION, APPELLANT.

23 N. W. 2d 335

Filed June 7, 1946. No. 32068.

*Bealer, Crosby & Baskins,* for appellant.
*Dryden & Jensen,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

The Platte Valley Public Power and Irrigation District, a corporation, appeals from an order ·of the district court for Buffalo County overruling its motion to set aside the default judgment entered against it on July 13, 1945.

The record discloses that on May 15, 1945, Bethine Barney and Martin Robles, as landlord and tenant respectively of the lands herein involved, brought this action in the district court for Buffalo County against the Platte Valley Public Power and Irrigation District, a corporation. The nature of the action is in tort based on the defendant's alleged negligent operation of its headgates on the Kearney Canal, thereby flooding the lands owned and occupied by the plaintiffs. The purpose of the action is to recover damages caused by such flooding and to permanently enjoin the defendant from operating its headgates in a manner so as to flood the lands so owned and occupied.

Summons, the answer day of which was June 18, 1945, was issued and personally served on Pete McKinley on May 21, 1945, he being the president of defendant's board of directors.

Defendant made no appearance in said cause prior to July 13, 1945. On June 29, 1945, the defendant was defaulted and, upon the evidence submitted, a general finding

was had for the plaintiffs. Judgment was thereupon entered for the plaintiffs in the sum of $500 and such judgment further provides that, "the defendant be and hereby is perpetually restrained from opening the headgates at the cottonmill tailrace and allowing sufficient waters to go down said tailrace in amounts so as to flood the land of plaintiff herein."

On July 13, 1945, in the same term of court in which the judgment was entered, the defendant filed its motion to set aside the default judgment and asked that it be given time in which to plead.

As a basis therefor the defendant sets forth in its motion, and the affidavits filed in support thereof, that it has a meritorious defense to the plaintiffs' action but that neither its counsel, the firm of Beeler, Crosby and Baskins of North Platte, Nebraska, which includes M. E. Crosby who personally handles the greater part of the defendant's work and who had charge of the previous litigation involving these same parties, nor its general manager, Gerald Gentleman, who handles all such claims, had knowledge of the pendency of the action or the entry of the default judgment prior to July 11, 1945.

This motion was heard on August 24, 1945, and thereafter, on September 3, 1945, overruled, all being within the same term of court in which the judgment was entered.

It is from this order, after motion for new trial had been overruled, that defendant appeals.

For convenience the parties will hereinafter be referred to as the district for appellant and plaintiffs for appellees.

The evidence taken at the time of the hearing on the motion discloses that P. N. McKinley, who is the same person as Pete McKinley, is president of the board of directors of the district and that he was personally served with summons at his residence in Sutherland, Lincoln County, Nebraska, on May 21, 1945, but that he was then of the impression that the general manager of the district had been advised of the suit so failed to report having been served to either the general manager or counsel for the district;

·that John P. Jensen, counsel for the plaintiffs, had shortly ·after suit was filed informed Morris Balcom, superintend- ·ent of power and irrigation for the· district in Buffalo County, thereof and sometime before answer day had given him a copy of the petition·but Balcom had failed to advise either the general manager or counsel for the district thereof at any time prior to July 13, 1945; that neither counsel for the district nor its general manager had any knowledge of the pendency of the action or the entry of default judgment prior to July 11, 1945; that the plaintiffs had, prior to this action, brought separate suits for dam- ages against the district based on prior floodings but arising out of the same subject of action wherein the parties were represented by the same counsel as here; that although counsel for the plaintiffs had informed Balcom of the pend- ency of the suit he had never called or in any way in- formed counsel for the district either before or at the time of taking the default judgment of the pendency of the suit or of his intention to take default judgment although he knew that the district had contested similar litigation by these same parties in prior suits and who acted as counsel for the district therein.

In the prior actions above referred to the plaintiffs, after trial on the merits, recovered judgments against the district from which appeals were taken. In this court the cases were consolidated for the purpose of appeal and, on motion, the appeals were dismissed because of a failure to comply with the statutory requirements to lodge juris- diction here. See Barney v. Platte Valley Public Power and Irrigation District, 144 Neb. 230, ·13 N. W. 2d 120. The pleadings in each of those two cases, including the plaintiffs' petitions and the district's answer, were of- fered in evidence and in connection therewith the district's counsel stated: " * * * at this time in renewing my motion to set aside the default I ask the court that the District be allowed to file an answer in this case raising the issues .in the nature of defense which are similar to the defense issues as raised in the two previous·cases in which we have

offered the files." And as stated in connection with the offer of the answer itself, counsel for the district stated: "I desire to offer them, if I may, for the purpose of showing the issues that would be presented in this case at bar were we allowed to file answer and have the issues joined in this matter; * * *."

The question presented by this appeal is whether the trial court erred in overruling the district's motion to set aside the default judgment.

Since the rendition of the default judgment, the filing of the motion to set it aside, and the order overruling the motion were all had in the same term there is no question as to the court's jurisdiction. As stated in Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197: "In civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are rendered." See, also, Bradley v. Slater, 58 Neb. 554, 78 N. W. 1069; Sedlak v. Duda, 144 Neb. 567, 13 N. W. 2d 892; First Nat. Bank v. First Trust Co., 145 Neb. 147, 15 N. W. 2d 386.

The district's motion did not contain or have attached thereto its proposed answer and because thereof our attention is called to the rule stated in Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026, which is as follows: "It may be said also that good practice requires the motion to be accompanied by the proposed answer in order that it may be determined whether there is a sufficient defense to the action." See, also, Mulhollan v. Scoggin, 8 Neb. 202; Ak-Sar-Ben Exposition Co. v. Sorensen, 119 Neb. 358, 229 N. W. 13. As is evidenced by the rule, the purpose of requiring such proposed answer to accompany the motion is to enable the trial court, at the time of ruling thereon, to ascertain whether it presents a sufficient defense to the action. While the district did not present its proposed answer with the motion it did offer, at the time of hearing thereon, sufficient proof of its nature so as to enable the court to determine the sufficiency thereof and thereby satisfy the purpose of the rule.

It is the rule of this court, as stated in Lichtenberger v. Worm, 41 Neb. 856, 60 N. W. 93: "* * * where a default has been regularly entered it is largely within the discretion of the trial court to say whether the defendant shall be permitted to come in afterwards and make his defense, and unless an abuse of discretion be made to appear this court will not interfere."

However, in exercising this discretion the trial court should not overlook the following principles applying thereto:

"It is certainly within the power of the court at any time during the term at which a judgment by default has been rendered to set the same aside, and allow an answer setting up a meritorious defense to be filed. But the exercise of such power is a matter of discretion on the part of the court, to be governed by the facts of the case as set out in the showing. This discretion is a legal one, the abuse of which would be corrected by the appellate court." Sang v. Lee, 20 Neb. 667, 31 N. W. 85.

" 'Equity may relieve a party from a judgment taken against him through his excusable neglect.' 34 C. J. 464, sec. 730." Ak-Sar-Ben Exposition Co. v. Sorensen, *supra.*

"It is the spirit and policy of the law to give every party an opportunity to prosecute or defend his case in court, and courts will never deny such right except for the fault or gross laches of such party or his authorized attorney." Clutz v. Carter, 12 Neb. 113, 10 N. W. 541.

"The courtesy that should prevail between opposing counsel to a cause ordinarily requires that counsel for one party should, before taking a default, give notice to counsel for the other side of his intention so to do." Lacey v. Citizens Lumber & Supply Co., 124 Neb. 813, 248 N. W. 378.

"Ordinarily, where a judgment has been entered by default and a prompt application made at the same term to set it aside, with a tender of an answer disclosing a meritorious defense, the court should, on reasonable terms, sustain the motion and permit the cause to be heard upon

the merits. 15 R. C. L. 720, sec. 174; Citizens Nat. Bank v. Branden, 19 N. Dak. 489." Lacey v. Citizens Lumber & Supply Co., *supra*.

While we do not think the district, a public corporation, is without fault due to the conduct of the president of its board of directors and its superintendent of power and irrigation in failing to advise those who handled such matters of their knowledge of the pendency of the suit, however, we do not think, under all of the circumstances as herein set out, that their conduct is so inexcusable that it should have the effect of defeating the district's right to have a trial of the issues, when joined, on the merits.

However, the granting of such relief to the district should be controlled by the following rule as to costs, to wit: "But where the proposed answer states a defense, the court must permit it to be filed upon such terms as to costs as may be just." Hale v. Bender, 13 Neb. 66, 12 N. W. 920. Or as stated in Haggerty v. Walker, 21 Neb. 596, 33 N. W. 244: "If any delay or expense was occasioned, the proper terms as to payment of cost should have been imposed in the discretion of the court." See, also, Lacey v. Citizens Lumber & Supply Co., *supra*.

We find, therefore, that the district's motion should have been sustained but in view of the record the district should be required to pay all costs, including those incurred by this appeal, as a condition upon which such relief is granted.

Other questions are raised in the brief of the district but in view of our holding herein they will not be considered at this time because they are not properly here until the action has been tried and determined on its merits.

REVERSED WITH DIRECTIONS.