KATHLEEN M. BELIVEAU, APPELLEE, V. GUY WILLIAM
GOODRICH ET AL., APPELLANTS.

173 N. W. 2d 877

Filed January 23, 1970.   No. 37339.

Pilcher, Howard & Dustin, for appellants.

Eisenstatt, Morrison, Higgins, Miller, Kinnamon & Morrison, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The district court, during the same term that it was entered, refused to set aside a default judgment in the sum of $25,000, this amount being the prayer of plaintiff's petition in a personal injury automobile accident suit. We reverse the judgment of the district court and remand the cause with directions that the default judgment be set aside and that the case be opened for further proceedings on the merits.

The accident occurred on September 13, 1968. On December 9, 1968, plaintiff filed a petition in this action praying for $25,000 in damages as a result of the accident. Summons, the answer day of which was January 13, 1969, was served. On that date defendants had filed no answer to the plaintiff's petition. The insurance carrier first contacted the plaintiff's attorney on March 5, 1969. Much of the factual dispute in this case centers around what took place in this conversation on March 5, 1969, and the second conversation between plaintiff's attorney and the insurance carrier on March 19, 1969, the day before the default judgment was entered. On March 20, 1969, plaintiff took a default judgment in the amount of the prayer of the plaintiff's petition in the sum of $25,000. A motion to vacate this default judgment was filed by the defendants on April 8, 1969, alleging meritorious defenses. The defendants tendered an answer with their motion, setting up meritorious defenses to the action and a hearing was held before the court on May 8, 1969. The court refused to set aside the default judgment.

There is voluminous testimony as to the nature and extent of the two conversations between the insurance company's claim agent and the plaintiff's attorney on March 5 and March 19, 1969. It is unnecessary to encumber this record with a recital of this detailed conflicting testimony. We summarize. The alleged mistake in permitting the default judgment in this case to

be entered focuses upon three distinct points in the testimony:

(1) Whether the plaintiff's attorney told the insurance carrier he would not take a default judgment until he provided medical bills to the insurance carrier. This refers to the conversation of March 5, 1969;

(2) Whether the plaintiff's attorney was told to take a default judgment by the insurance company's representative on March 19, 1969, allegedly because the agent told the plaintiff's attorney that the carrier denied coverage; and

(3) Whether the insurance carrier was told that the plaintiff's attorney would file a new petition in order to increase his prayer for damages because, apparently, of the discovery of a herniated disc as a part of the plaintiff's injuries.

As the term "default" itself implies, the problem of granting relief in the situation before us is not simply one of determining whether mistake or neglect has occurred. It is the policy of the law to give a litigant full opportunity to present his contention in court and for this purpose to give full relief against slight and technical omissions. On the other hand, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice. Consequently this court has long held that a district court has inherent power to vacate or modify its own judgment any time during the term in which it is rendered. Jones v. Nebraska Blue Cross Hospital Service Assn., 175 Neb. 101, 120 N. W. 2d 557; Barney v. Platte Valley Public Power & Irr. Dist., 147 Neb. 375, 23 N. W. 2d 335; and most recently in Urwin v. Dickerson, *ante* p. 86, 173 N. W. 2d 874.

Our cases hold that this is a matter that rests in the sound discretion of the court. But this discretion is not an arbitrary one. It must be exercised reasonably and depends upon the facts and circumstances in each case as shown by the record. Morgan v. Weiner, 173

Neb. 715, 114 N. W. 2d 720; Urwin v. Dickerson, *supra.* As a further guideline for the exercise of this discretion by the district court our cases have universally held that where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard upon the merits. Jones v. Nebraska Blue Cross Hospital Service Assn., *supra;* Lacey v. Citizens Lumber & Supply Co., 124 Neb. 813, 248 N. W. 378; Barney v. Platte Valley Public Power & Irr. Dist., *supra;* Ak-Sar-Ben Exposition Co. v. Sorensen, 119 Neb. 358, 229 N. W. 13. Pertinent here, this court has held in deciding this question that a much stronger showing is required to substantiate an abuse of discretion when the judgment is vacated than when it is not. Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026; Coates v. O'Connor, 102 Neb. 602, 168 N. W. 102. Mere mistake or miscalculation of a party or his attorneys is not sufficient, in itself, to warrant the refusal to set aside a default judgment, when there is a good defense pleaded or proved and no change of position or substantial misjustice will result from permitting a trial on the merits. Coates v. O'Connor, *supra;* Ak-Sar-Ben Exposition Co. v. Sorensen, *supra;* Barney v. Platte Valley Public Power & Irr. Dist. *supra.*

In this case the default judgment was entered on March 20, 1969. The motion to set aside the default was promptly filed on April 8, 1969. It tendered a meritorious defense. The district court erroneously excluded additional evidence to the effect that there was a defense on the merits, especially with respect to the nature and the amount of the injuries and disabilities of the plaintiff. The tender of an answer is not an absolute requirement and independent proof may, in the discretion of the court, be permitted to resolve the question of the possible frivolous nature of the defense.

Bigler v. Baker, *supra;* Barney v. Platte Valley Public Power & Irr. Dist., *supra.* We now observe that the judgment was in the full amount of the prayer of the petition. It strains credulity to believe that a default judgment in the full amount of the prayer of the petition in a personal injury case would be justified in the absence of some proof or indication in the record that would at least prima facie sustain it. There is also proffered evidence in the record, excluded by the trial court, demonstrating that the agent of the insurance company informed the company in writing, immediately following the conversation of March 19, 1969 (one day before the default judgment), to the effect that a new suit or petition would be filed by the plaintiff's attorney and that no default judgment would be taken. This testimony was relevant for the purpose of reviewing the broad issue of the bona fides of the defense. It is true that this witness had already testified as to the contents of the report he had made to the company, but it corroborates his oral testimony. Generally where the state of mind of a person at a particular time is relevant to a material issue in a case, his declarations made at that time are admissible as proof on that issue, notwithstanding they were not made in the presence of the adverse party. 29 Am. Jur. 2d, Evidence, § 650, p. 700. See, also, Sutter v. State, 102 Neb. 321, 167 N. W. 66.

We can find no evidence in this record to support the conclusion that the actions of the defendants and the insurance company, under these circumstances, were calculated for the purpose of delay or that the tendered defense was frivolous in nature. The application to set aside the default was during the term and promptly made. We can find no evidence of prejudice or a change in plaintiff's position that would require the sustaining of this judgment in the full amount of the prayer of the plaintiff's petition in the sum of $25,000. We can find no reason why a full opportunity should not be given the parties to fully explore the issues on their merits.

It is, however, apparent that the defendants were neglectful in filing their answer, and that the plaintiff's pursuit and defense of the default judgment have colorable merit. By what we have said herein we do not condone their action. In the interest of justice they should pay the cost of this appeal and a reasonable attorney's fee in the sum of $500.

On condition that the defendants pay the cost of this appeal and an attorney's fee in the sum of $500 the judgment of the district court is reversed and the cause remanded with directions to set aside the default judgment and permit the filing of an answer and a trial on the merits.

REVERSED AND REMANDED WITH DIRECTIONS.