VACANTI & RANDAZZO CONSTRUCTION COMPANY, A CORPORATION, APPELLEE, v. H.I.E. FOOD PRODUCTS, INC., ALSO KNOWN AS HOUSE OF ALBERT'S, INC., APPELLANT, IMPLEADED WITH RONALD M. ALBERT, APPELLEE.

198 N. W. 2d 468

Filed June 23, 1972. No. 38402.

Carl I. Klekers and William H. Mecham, for appellant.

Frank Meares, for appellee Vacanti & Randazzo Constr. Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court rendered a judgment by default

against defendant H.I.E. Food Products, Inc. The latter on appeal asserts the court erred in denying defendant leave to answer out of time and in rendering the judgment.

On July 9, 1971, plaintiff filed its petition alleging "waste" and nonpayment of rent of $2,050 a month from March 1 through August 1, 1971, on a written lease. The term of the lease was 15 years from September 1, 1969. Plaintiff prayed for judgment of $419,856 under an acceleration clause and for a writ of restitution. On August 26, 1971, 10 days after answer day on an alias summons, counsel for defendant without leave of court filed an answer with certificate of service on counsel for plaintiff. The answer was a general denial. On September 2, 1971, plaintiff moved to strike the answer.

At a hearing on October 14, 1971, counsel for defendant moved for leave to file an amended answer and tendered his affidavit of even date. The affidavit stated as follows: Defendant was "legally nonexistent" and its president in Florida. Counsel notified him of the suit by letter dated July 23, 1971. The travel schedule of the president and delays in the mail resulted in counsel's receiving a reply on August 20, 1971, by letter dated August 12, 1971. The amount due for rent was undetermined and unascertainable on October 14, 1971. Plaintiff had retaken possession of the property and had failed to mitigate damages. The premises "could be reletted to another tenant." See Bernstein v. Seglin, 184 Neb. 673, 171 N. W. 2d 247 (1969). Counsel did not tender a formal answer.

At the hearing counsel for plaintiff mistakenly said that answer day had been July 9, 1971. The court denied defendant's motion outright, declining to grant leave to answer on reasonable conditions; and it sustained a motion of plaintiff to strike the purported answer. It found defendant in default and proceeded to take evidence in the form of a statement by counsel

for plaintiff concerning the amount of the judgment. Counsel for plaintiff stated that the total amount due was $419,856. Counsel for defendant inquired, "Is it possible to cross-examine . . . (counsel for plaintiff)." The court replied, "No, you are not in Court." Judgment in that amount was then rendered.

Counsel for defendant answered without leave of court 10 days after answer day but the court had not adjudged a default. Such a mistake without more is insufficient to warrant a default judgment subject to these conditions: A good defense is pleaded or proved, and no unfair prejudice will result from the grant of a trial on the merits. Cf. Beliveau v. Goodrich, 185 Neb. 98, 173 N. W. 2d 877 (1970).

The rulings and judgment constituted an abuse of discretion. The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.