ALLEN S. RICHARDS v. CHARLES BOROWSKY.

FILED MARCH 21, 1894. No. 5375.

1. **Instructions.** A party cannot be heard to complain that the trial court gave an instruction embodying only the same propositions of law given by the court at the request of the complaining party.

2. **Taxation of Costs.** To a review of the taxation of costs in the trial court a ruling on a motion to retax the same, together with an exception to such ruling, must be shown by the party seeking such review. Following *Real v. Honey*, 39 Neb., 516; *Bates v. Diamond Crystal Salt Co.*, 36 Neb., 904.

ERROR from the district court of Dakota county. Tried below before NORRIS, J.

*J. J. McAllister*, for plaintiff in error.

*Jay & Beck* and *J. B. Barnes*, contra.

RYAN, C.

Plaintiff, in an action for damages resulting from personal injuries inflicted by defendant, recovered judgment upon a verdict for $1. The verdict was upon such conflicting evidence as to preclude disturbing it because not sustained by sufficient evidence.

Plaintiff in error complains that one instruction of the court made reference to an altercation between the parties which occurred on the day before that on which the injuries sued for were received. This instruction, however, warned the jury that the incidents of the first quarrel could not be considered as justifying injuries subsequently inflicted by defendant upon the plaintiff. The second quarrel seems to have commenced with such reference to the first as precluded the possibility of ignoring it. A history of the first quarrel was therefore given, that the language used in the second quarrel referring to the first might be understood. The court instructed the jury that the incidents of the first quarrel could only be considered for the purpose last indicated and not as a justification of any act in the second quarrel. Plaintiff requested and obtained an instruction embodying the same propositions as were embraced by the above instruction of the court. If there had been error in the instruction given by the court, which there was not, it would not have been available to a party upon whose motion a like instruction was given the jury.

Plaintiff in error complains that certain numbered instructions asked were refused, but as they are neither contained in the record nor referred to by the petition in error they cannot be considered.

It is insisted it was error, upon the recovery of but $1 by plaintiff, that the costs, amounting to $310.68, should be taxed to him. Possibly this might have been considered upon exceptions to a motion to retax costs. It cannot otherwise be reviewed in this court. (See *Real v. Honey*,

39 Neb., 516, and *Bates v. Diamond Crystal Salt Co.*, 36 Neb., 904.) The judgment of the district court is

AFFIRMED.

POST J., not sitting.