JOHNSTON GRAIN COMPANY, A CORPORATION, APPELLANT, V.
JOSEPH TRIDLE AND DELMAR MORFITT, DOING BUSINESS AS
T. & M. CONSTRUCTION COMPANY, A PARTNERSHIP,
APPELLEES.
124 N. W. 2d 463

Filed November 15, 1963. No. 35487.

C. Morris Gillespie and Andrew J. McMullen, for appellant.

Tye, Worlock, Knapp & Tye and Munro, Parker & Munro, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal by Johnston Grain Company, a corporation, hereinafter referred to as plaintiff, from an order of the district court for Buffalo County vacating and setting aside a default judgment entered against

Delmar Morfitt and T. & M. Construction Company, a partnership, hereinafter referred to as defendants.

T. & M. Consruction Company, a partnership composed of Joseph Tridle and Delmar Morfitt, had a contract with the plaintiff for the erection of 10 grain bins for which plaintiff was to furnish the steel. They had partially erected one of the bins but were delayed because plaintiff had not been able to furnish all of the necessary steel. While so delayed, on May 4, 1959, a severe windstorm wrecked the partially completed bin. C. Morris Gillespie, plaintiff's attorney in the instant case, adjusted the loss for plaintiff's insurance carrier. He secured an estimate of the damage from the T. & M. Construction Company which was given the job of making the necessary repairs. On November 24, 1959, plaintiff paid the balance due on the contract with T. & M. Construction Company as well as the amount due on the repairs. This payment was made to F. M. Parker, the attorney for T. & M. Construction Company. On March 7, 1960, the partnership and the individual partners were adjudicated bankrupt. F. M. Parker, who had been the sole attorney for the partnership during 1959 and 1960, was the attorney in the bankruptcy proceedings. It is undisputed that plaintiff and its attorneys were fully aware of the bankruptcy proceedings, and that Parker was attorney for the partnership when plaintiff filed suit June 13, 1960, against the partnership for damages for alleged negligence in going ahead with construction when sufficient steel was not on hand to complete the job.

No service was had on Joseph Tridle, who had left the state. Service was had on Delmar Morfitt on June 13, 1960. He took the summons to his attorney's office, and, when he found the attorney was on a vacation, left the summons with the attorney's secretary. Morfitt paid no more attention to the matter. Answer day was July 18, 1960. On August 4, 1960, one of plaintiff's attorneys, in the absence of Judge E. G. Reed, the local district

judge, had a default judgment entered against Delmar Morfitt and T. & M. Construction Company, a partnership, by Judge Norris Chadderdon, who was temporarily in Buffalo County. Parker, defendants' attorney, did not return to his office until August 2, 1960, and did not see the summons left by Morfitt until after the default judgment was entered. However, he was in the courthouse at the time of its entry and knew that it had been entered immediately thereafter and while Judge Chadderdon was still at the courthouse.

On August 12, 1960, Parker filed an application for an order vacating the judgment and for 10 days to file an answer. A letter was directed to Judge Reed calling the matter to his attention and asking that the application be heard. Parker was never able to obtain a hearing on the application. Judge Reed passed away between Christmas Day and New Year's Day, and no judge was appointed to fill out his term. The 1961 spring term was opened January 5, 1961. On March 24, 1961, defendants' application came on for hearing and the trial court ordered the default judgment set aside and permitted defendants to file an answer.

On February 20, 1962, defendants filed a petition after term to set aside the default judgment and for a new trial. Trial was had on January 9, 1963. The court specifically held that if the application was not properly sustained on March 24, 1961, the court again finds that the default judgment should be set aside. The trial court made no finding of fraud, but found the fact that the matter was not disposed of during term was the fault of the court and not the moving party.

The plaintiff alleges nine assignments of error. We will consider only two of them. The first one we consider is that the trial court erred in abusing its discretionary powers in ordering the default judgment set aside in its order of March 24, 1961, when there were no affidavits, documents, or other supporting evidence. Certainly the trial court was without power to enter the

order of March 24, 1961. Our law is well settled that a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are pronounced, and such power exists entirely independent of any statute. See Bradley v. Slater, 58 Neb. 554, 78 N. W. 1059.

Here, however, defendants' application, while filed in term time, was not heard until March 24, 1961, which was after the judgment term had ended. Our law is equally clear that a court has no discretionary power or authority to vacate a judgment on application made within the judgment term but considered and ruled on at a subsequent term. See Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197. Defendants' present counsel recognized this lack of jurisdiction on the part of the court, and filed a petition after term to set aside the judgment and for a new trial.

The order of March 24, 1961, setting aside the default, was clearly erroneous unless defendants' application can be construed as a motion for a new trial. Can defendants' application be construed as a motion for a new trial? There is no question that a motion for a new trial timely filed may be heard at a subsequent term. In Workman v. Workman, 174 Neb. 471, 118 N. W. 2d 764, we said: "A motion for new trial which has been duly and timely filed may be heard at a subsequent term and the court may then pass upon the motion and enter its judgment on the motion for new trial." The application herein was timely filed. However, the motion must allege grounds for a new trial at the very least in the language of the statute. See § 25-1144, R. R. S. 1943. The most that can be said of defendants' application is that defendants' attorney had no knowledge of the action until after the default had been entered, and that neither plaintiff nor its attorneys notified defendants' counsel that default would be entered when they knew that defendants had counsel and had taken bankruptcy. This clearly is not sufficient to be

construed as a motion for a new trial within the statute.

The second assignment which we consider is that the trial court erred in overruling plaintiff's motion for a directed verdict at the close of defendants' evidence on the hearing on the petition filed after term to set aside judgment and for a new trial. After the adjournment of the term at which a judgment was rendered, the trial court has authority to grant a new trial for any of the grounds stated in section 25-2001, R. R. S. 1943, which includes a motion for a new trial in accordance with sections 25-1143 and 25-1145, R. R. S. 1943. See Harman v. Swanson, 169 Neb. 452, 100 N. W. 2d 33.

As suggested, the application herein cannot be construed as a motion for a new trial in accordance with section 25-1143, R. R. S. 1943. The question then is, can the petition filed February 20, 1962, be sustained under any of the other provisions of section 25-2001, R. R. S. 1943? There are only two provisions which it might be argued are applicable. They are as follows: "* * * (4) for fraud practiced by the successful party in obtaining the judgment or order; * * * (7) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; * * *."

Defendants' evidence, viewed in its most favorable light, establishes that plaintiff and plaintiff's counsel knew that Parker was defendants' counsel and had their records; had visited with him before the action was filed about defendants' business affairs and financial circumstances; knew that defendants had been adjudicated bankrupt; and knew that defendants had a valid and justiciable defense to the original petition. There is no dispute but that plaintiff's chief counsel told Morfitt after the default was entered that he was attempting to recover from the insurance company and did not intend to make any recovery against him personally. There is no evidence, however, that plaintiff's counsel ever agreed to set the judgment aside or inferred that he would do so or did anything after the default was en-

tered which prevented the defendant from having the application heard. Plaintiff's counsel did write Judge Reed a letter requesting that the matter be set for hearing, and testified that he orally requested a hearing from the judge on other occasions but was never able to get one. This, however, cannot be charged in any way to the plaintiff.

It is defendants' position that the common courtesy which should prevail among members of the bar in any locality dictates that the default should have been set aside by agreement. It is true that in Barney v. Platte Valley Public Power & Irr. Dist., 147 Neb. 375, 23 N. W. 2d 335, we said as follows: " 'The courtesy that should prevail between opposing counsel to a cause ordinarily requires that counsel for one party should, before taking a default, give notice to counsel for the other side of his intention so to do.' " This was quoted from Lacey v. Citizens Lumber & Supply Co., 124 Neb. 813, 248 N. W. 378, which was a case in which counsel had appeared of record. In the Barney case, while counsel had not appeared, prior actions had been filed arising out of the same subject of action, were tried and appealed to this court, where they were dismissed because of a failure to properly lodge the appeals. Further, the application was heard in the judgment term.

The question of the courtesy which should prevail among members of the bar is a proper matter to be considered by the trial court in exercising its discretion to set aside a judgment in term time. Here, however, the court lost its right to set aside the default because the term at which it was entered had expired.

Bankruptcy is an affirmative defense and must be pleaded. Even though plaintiff's counsel may have believed counsel who had been representing the defendants would appear for them, he was under no legal obligation to call his attention to the action. This was the responsibility of the defendants. If counsel had appeared of record in this case, that would be a different

matter. Defendants' counsel was not without fault. He was present in the courthouse when the default was entered, and learned of it before Judge Chadderdon left the courthouse. Prompt action at that moment would have avoided the present situation. Further, defendants' counsel was a member of a firm of attorneys. There is no showing in this record that the matter could not have been handled by one of his two associates during his absence from the city. The fault and the oversight it seems was in his own office. When answer day passed without any appearance, plaintiff was entitled to a default judgment. There is no sufficient showing of fraud or misconduct to permit the setting aside of the judgment on that ground.

In Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197, we held that lack of diligence of a party or his attorneys is not an unavoidable casualty or misfortune under section 25-2001, R. R. S. 1943. The trial court found that if the fact that the application was not heard during the term was the fault of anyone, it was the fault of the resident judge. We do not find sufficient evidence in the record herein to sustain this conclusion, but do suggest that if the defendants had been more diligent in attempting to get the matter heard, this might have been considered an unavoidable casualty or misfortune. There is no sufficient showing that Judge Reed was too ill to hold court, or that the defendants made any attempt to have him request another judge to hear the matter. The record does show that Judge Chadderdon did hold court in Kearney during December 1960, which was still within term time. It is unfortunate that the application was permitted to pend until the term ended, but on the record presented we must find that the defendants did not exhaust their remedies to have the matter heard. It is our conclusion that there is no sufficient showing that the judgment should be set aside for unavoidable casualty or misfortune preventing the defendants from pros-

ecuting or defending within the limits of section 25-2001, R. R. S. 1943.

For the reasons given, the order of the trial court vacating the default judgment is hereby vacated and set aside, and the cause is remanded with directions to reinstate the judgment of August 4, 1960.

REVERSED AND REMANDED WITH DIRECTIONS.