JOHN R. MOACKLER, JR., APPELLANT, V.
PHILLIP D. FINLEY, APPELLEE,
GREAT PLAINS INSURANCE CO., INC., GARNISHEE.

299 N.W.2d 166

Filed December 1, 1980.   No. 42962.

Nelson & Harding and Richard S. Reiser and Pamela K. Black for appellant.

Michael F. Kinney of Cassem, Tierney, Adams, Gotch & Douglas for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The plaintiff, John R. Moackler, has appealed from an order of the District Court for Douglas County, Nebraska, setting aside and vacating a default judgment which had been entered against the defendant, Phillip D. Finley, in the amount of $15,000 plus costs. The plaintiff assigns as error that the District Court abused its discretion when it set aside the judgment after the expiration of the term of court in which the judgment was rendered. For the reasons to follow, we affirm.

Moackler sustained personal injuries while riding as a passenger in Finley's automobile when it was involved in a one-car collision on April 27, 1977. Finley was advised by letter dated June 24, 1977, from Moackler's attorney that a claim was being made, which letter was forwarded to Finley's liability insurance carrier, Great Plains Insurance Co., Inc. The letter was acknowledged by the insurance company by letter dated July 11, 1977, in which it stated that it would be available to discuss the matter whenever the attorney was in a position to do so. Nothing further was done until the attorney again wrote Great Plains in some detail on April 25, 1978, demanding settlement in the amount of $13,750. According to the insurance company's records, it responded on April 27, 1978, with a telephone call to the attorney, at which time it offered $1,000 in settlement of the case.

No further communication was had with either the insurance company or Finley, and on May 19, 1978, suit was filed against Finley, who at that time was a

nonresident of Nebraska. Service was obtained by service of process through the Secretary of State, pursuant to Neb. Rev. Stat. § 25-530 (Reissue 1979), which service was perfected by the filing of an affidavit on December 21, 1978. On February 2, 1979, a hearing was had on Moackler's motion for default judgment, which was sustained, and judgment was entered on February 13, 1979, against Finley in the amount of $15,000.

The first notice that Great Plains had of this litigation was when it was served with a summons in garnishment on March 29, 1979. The insurance carrier filed its answer, denying that it was indebted to Finley in any amount. An application for judgment against Great Plains, based on its policy of liability insurance issued to Finley, was filed; hearing was had on June 1, 1979; and judgment was entered on June 21, 1979, against Great Plains in the amount of $15,000. The defense of Great Plains was that it had not been notified of the original lawsuit, to its prejudice. At the garnishment hearing, stipulations were entered into between Moackler and Great Plains that: (1) The insurer had notice of the claim pending in this action, but that the insurer did not receive notice of the lawsuit in which the judgment was entered until it was served with the garnishee summons; and (2) The defendant, Finley, did not have notice of the lawsuit in which the judgment was entered, but did have notice of the claim.

Although there was no communication between Finley and Great Plains after the original notification of the accident, the latter did retain counsel for Finley during the last week in June 1979. On June 26, 1979, an attorney appearing in behalf of Finley, filed a special appearance, and moved to set aside and vacate the default judgment entered against the defendant on February 13, 1979. The defendant further filed a proposed answer, setting forth as a defense to liability that the plaintiff was a guest in his automobile and

that the plaintiff assumed the risk of any hazard created by the defendant's consumption of intoxicating beverages.

The District Court entered an order on July 12, 1979, vacating the default judgment. The plaintiff then filed a motion for a new trial, which was overruled. The default judgment had been entered in the January court term, which was adjourned on June 29, 1979. The order setting aside and vacating that judgment was entered on July 12, 1979, which was in the new term. Included as part of the order adjourning the January term was an order continuing all cases, motions, and matters pending, or not otherwise disposed of, into the next term of court.

The plaintiff argues on appeal that the District Court abused its discretion when it vacated the default judgment in a term of court beyond that in which the judgment was rendered. Neb. Rev. Stat. § 25-2001 (Reissue 1979) specifies in which instances the District Court has power to vacate or modify its own judgments or orders after the term at which such orders or judgments were made. None of the reasons to vacate or modify set forth in that section are applicable here. However, it is the position of the defendant that the District Court had the authority to vacate the default judgment since the motion to vacate was made during the term of court in which the original judgment was made; the parties had a hearing on the motion to vacate during that term; and the court continued all matters not yet disposed of to the next term.

The plaintiff points out that in *Lyman v. Dunn*, 125 Neb. 770, 775, 252 N.W. 197, 199 (1934), we said: "We adhere to the principles heretofore followed and hold that the trial court had no discretionary power or authority to vacate the judgment on application made within the judgment term but considered and ruled on at a subsequent term." This holding was approved more recently in *Johnston Grain Co. v. Tridle*, 172 Neb. 859, 124 N.W.2d 463 (1963). We take this opportunity to reconsider that ruling.

Our law is clear that a court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute. *Bradley v. Slater*, 58 Neb. 554, 78 N.W. 1069 (1899). It is equally clear that § 25-2001 specifies in what instances the District Court has the power to vacate or modify its own judgments or orders after the term has been adjourned. The issue with which we are faced is whether the District Court loses its jurisdiction to vacate an order when the term ends, if the motion to vacate was made during the term in which the judgment was rendered and none of the grounds for vacation exist pursuant to § 25-2001.

We believe the better rule is that the court retains the authority to rule upon the motion to vacate if the motion was made within the original term. Neb. Rev. Stat. § 24-310 (Reissue 1979) states: "Upon any final adjournment of the court, all business not otherwise disposed of shall stand continued generally." Once a motion is made and has not yet been ruled upon, the motion is pending, and when the term is adjourned that pending motion cannot be other than a matter "not otherwise disposed of." The court retains jurisdiction by law to rule on the motion.

That the court retains jurisdiction when the motion is made within the term is not a new view. In *Amy v. Watertown*, 130 U.S. 301, 9 S. Ct. 530, 32 L. Ed. 946 (1889), this issue was raised and answered as follows:
"The errors assigned are:
"1. That the court had no jurisdiction or power to vacate the judgment at a subsequent term.

. . . .
"We have no difficulty with regard to the first question raised by the plaintiffs in error. It is clear from the record that the application to set aside the judgment was made at the same term it was rendered." *Amy* at 313.

The court in *Amy* pointed out that the motion was

made within the term and set for hearing, but was not heard or ruled upon until the subsequent term. "The objection, therefore, of want of jurisdiction to set aside the judgment on account of lapse of time is without foundation in fact." *Amy* at 313.

See, also, 46 Am. Jur. 2d *Judgments* § 703 (1969), in which it is stated: "The general rule is that where a motion is made to open, modify, or vacate a judgment within the time in which the court has power to grant it, it is not indispensable that the motion be disposed of within the term. In such case, the rights of a party seeking relief become fixed at the time the motion is filed, and not at the time of the disposition of the motion, even if that is a subsequent term."

In *Ferguson v. Sabo*, 115 Conn. 619, 162 A. 844 (1932), it was held that the general rule that a court may not modify a judgment at a term subsequent has certain exceptions. One of those exceptions is: "[I]f proceedings to vacate or modify a judgment are begun during the term at which it was rendered and continued to a later term the matter remains *in fieri* and the court may act upon it at a subsequent term." *Ferguson* at 622, 162 A. at 845.

Again, the exception was set out in *Holmes v. Holmes*, 66 Wyo. 317, 334-35, 211 P.2d 946, 953 (1949): "It is true that it is a general rule that after a term of court is ended, all final judgments and decrees ordinarily pass beyond the control of the court *unless steps are taken during the term* by motion or otherwise to set aside or modify or correct them." (Emphasis supplied.)

In *Grubb v. Milan*, 249 Ill. 456, 94 N.E. 927 (1911), the court held that when a motion is made during the term to vacate a judgment, the court will retain jurisdiction of the cause, and have full power to act upon and decide the motion at a subsequent term. "Such a motion pending and undetermined at the end of a term is continued to the next term by force of the statute, and the legal effect is to stay a final judgment

until the overruling of the motion." *Id.* at 460, 94 N.E. at 929. That principle was reiterated in *Corwin v. Rheims,* 390 Ill. 205, 61 N.E.2d 40 (1945). For further authority, see Annot., 168 A.L.R. 204 (1947).

Since we now hold that a court retains jurisdiction to rule on a motion to vacate a judgment that is still pending at the end of a court term, we find that the District Court was not in error when it ruled on the motion in the subsequent term. To the extent that *Johnston Grain Co. v. Tridle, supra,* is inconsistent with this holding, it is overruled.

The plaintiff further argues that even if the District Court had the authority to rule on the motion to vacate in the subsequent term, it abused its discretion in doing so. "[W]here a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard upon the merits." *Beliveau v. Goodrich,* 185 Neb. 98, 101, 173 N.W.2d 877, 879 (1970). See, also, *Beren Corp. v. Spader,* 198 Neb. 677, 255 N.W.2d 247 (1977).

It is uniformly recognized that the matter of setting aside a default judgment is to a large extent within the discretion of the trial court, and it will be presumed, unless there is evidence to the contrary, that such discretion was properly exercised. *Diplomat Inn, Inc. v. Weindorf,* 206 Neb. 565, 293 N.W.2d 861 (1980).

The defendant made application within the same term of court to vacate the default judgment and tendered proof disclosing a meritorious defense. There is no showing of any abuse of discretion by the trial court. "The effect of setting aside or vacating a judgment, generally speaking, is to leave the matter in controversy open for future determination, and that determination must afford the parties in interest the

right to a fair trial." *Miller v. Schlereth*, 151 Neb. 33, 46-47, 36 N.W.2d 497, 506 (1949).

The order vacating the default judgment is affirmed.

AFFIRMED.

BOSLAUGH, J., dissents.

CLINTON, J., not participating.