Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/28/2019 09:07 AM CDT

- 229 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

Charles Sargent Irrigation, Inc., doing business as
Sargent Drilling, appellee, v. Mary
Martha Pohlmeier, appellant.

___ N.W.2d ___

Filed May 14, 2019.    No. A-17-1231.

1. **Motions to Vacate: Time.** The decision to vacate an order at any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3. **Rules of the Supreme Court: Pretrial Procedure: Appeal and Error.** The determination of an appropriate discovery sanction rests within the discretion of the trial court, and an appellate court will not disturb it absent an abuse of discretion.
4. **Motions to Vacate: Time.** In a civil case, a court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute.
5. **Courts: Time.** Unless otherwise provided by order of the district court, a term of court begins on January 1 of a given year and ends on December 31 of that same year.
6. **Judgments: Judicial Sales: Appeal and Error.** An order overruling a motion to deny confirmation of a judicial sale and to set the sale aside is not a final or reviewable order.
7. **Courts.** Nebraska's courts, through their inherent judicial power, have the authority to do all things necessary for the proper administration of justice.
8. **Pretrial Procedure.** The main purpose of the discovery process is to narrow the factual issues in controversy so that the trial is efficient and economical.

- 230 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

9. \_\_\_\_. The discovery process helps the litigants conduct an informed cross-examination and avoid tactical surprise, a circumstance which might lead to a result based more on legal maneuvering than on the merits of the case.

10. **Rules of the Supreme Court: Pretrial Procedure.** The court may sanction a party under Neb. Ct. R. Disc. § 6-337, despite the absence of a prior discovery order.

11. **Courts: Evidence.** A trial court's exclusion of evidence may be sustained as an exercise of a trial court's inherent powers.

12. **Appeal and Error.** An appellate court will not consider an issue that was not presented to or passed upon by the trial court, because a trial court cannot commit error in resolving an issue never presented and submitted to it for disposition.

Appeal from the District Court for Fillmore County: Vicky L. Johnson, Judge. Affirmed.

Travis Penn, of Penn Law Firm, L.L.C., for appellant.

Charles W. Campbell, of Angle, Murphy & Campbell, P.C., L.L.O., for appellee.

Moore, Chief Judge, and Riedmann and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

As a discovery sanction, the district court for Fillmore County entered a default judgment against Mary Martha Pohlmeier and in favor of Charles Sargent Irrigation, Inc., doing business as Sargent Drilling (Charles Sargent). The court included prejudgment interest in the damages awarded, and after Pohlmeier's land was sold to satisfy the judgment, the court denied Pohlmeier's objection to the confirmation of the sale. We affirm the decisions related to the default judgment but lack jurisdiction to address issues related to the confirmation of the sale.

## BACKGROUND

In 2014, Pohlmeier entered into a written contract with Charles Sargent for the drilling of wells and associated work

- 231 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

on Pohlmeier's property. Certain work was completed, but Pohlmeier failed to pay as agreed; thus, Charles Sargent commenced this action seeking to recover payment from Pohlmeier. In response to Charles Sargent's amended complaint, Pohlmeier filed an answer and counterclaim.

In February 2016, Charles Sargent filed a motion for sanctions. The motion and attached affidavit alleged that on December 4, 2015, Charles Sargent had served interrogatories and requests for production of documents on Pohlmeier by sending them to her counsel and that Pohlmeier had requested additional time within which to respond. Pohlmeier's counsel then moved to withdraw, and on January 11, 2016, the district court granted counsel's motion to withdraw and allowed Pohlmeier until February 4 to serve her discovery responses. Pohlmeier never responded to the discovery requests.

The court held a hearing on the motion for sanctions, and neither Pohlmeier nor her counsel appeared. The court entered a written order on March 10, 2016, stating that notice of the hearing had been provided to Pohlmeier at her last known address. Based on Pohlmeier's failure to respond to discovery, the court found that Charles Sargent was entitled to sanctions. The court therefore entered a default judgment in favor of Charles Sargent against Pohlmeier on the amended complaint and awarded judgment in the amount of $27,498.38 plus interest in the amount of $8,013.25.

As a result of the default judgment, a writ of execution was issued for Pohlmeier's property, and the record shows that Pohlmeier was personally served with the writ on August 10, 2016. A sale of the property was held on October 3, and the property was sold. On October 6, Charles Sargent filed a motion to confirm the sale in the district court. On November 1, Pohlmeier, represented by new counsel, filed an objection to the confirmation of sale and a motion to vacate the default judgment. At a hearing on the motions, Pohlmeier's counsel argued that the default judgment was not a final judgment because it failed to dispose of Pohlmeier's counterclaim.

- 232 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

In an order entered January 5, 2017, the district court recognized that the March 10, 2016, order was not final because of the outstanding counterclaim. The court therefore modified the March 10 order, striking the counterclaim and reiterating that default judgment was entered in favor of Charles Sargent. The court did not rule on the objection to the confirmation of sale or the motion to vacate at that time.

Thereafter, Pohlmeier filed a motion to alter or amend the January 5, 2017, order. At a hearing on that motion, Charles Sargent recognized that the sale could not be confirmed because the execution was issued upon a nonfinal judgment; thus, a new sale would have to take place. The court issued a written order on October 26 overruling the motion to vacate and the objection to the confirmation of sale. No order was entered on the motion to confirm the sale, nor did Charles Sargent withdraw the motion. Pohlmeier appeals from that order.

## ASSIGNMENTS OF ERROR

Pohlmeier assigns, restated, that the district court (1) lacked authority to modify the March 10, 2016, judgment on January 5, 2017; (2) erred in overruling her objection to the confirmation of sale; (3) erred in issuing sanctions improperly and failing to set aside those sanctions; and (4) erred in awarding prejudgment interest, because the claim was not liquidated.

## STANDARD OF REVIEW

[1,2] The decision to vacate an order at any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *In re Change of Name of Whilde*, 298 Neb. 510, 904 N.W.2d 707 (2017). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

- 233 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

[3] The determination of an appropriate discovery sanction rests within the discretion of the trial court, and an appellate court will not disturb it absent an abuse of discretion. *Hill v. Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016).

ANALYSIS

*Modification of Judgment.*

In her first assignment of error, Pohlmeier argues that the district court lacked the authority to modify the March 10, 2016, judgment on January 5, 2017, because the modification was made out of term and without a motion filed by either party within 6 months of the original judgment. We disagree.

At the outset, we note Charles Sargent asserts that the January 5, 2017, order was a final judgment disposing of all of the claims of the case and that because Pohlmeier does not assign any errors related to that order, she has waived any challenge to that order on appeal. The January 5 order struck Pohlmeier's counterclaim but did not rule on her motion to vacate the default judgment, as evidenced by Pohlmeier's allegations contained in her motion to alter or amend. Thus, because the motion to vacate remained outstanding, the January 5 order was not a final order from which Pohlmeier could appeal. The district court did not rule on the motion to vacate until October, that ruling being the order from which this appeal was taken. The present appeal is therefore Pohlmeier's first opportunity to raise issues related to the January 5 order. We now turn to the merits of Pohlmeier's argument.

[4,5] In a civil case, a court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute. *In re Change of Name of Whilde, supra*. The inherent power of a district court to vacate or modify its judgments or orders during term may also be exercised after the end of the term, upon the same grounds, upon a motion filed within 6 months after the entry

- 234 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

of the judgment or order. Neb. Rev. Stat. § 25-2001 (Reissue 2016). Unless otherwise provided by order of the district court, a term of court begins on January 1 of a given year and ends on December 31 of that same year. *Andersen v. American Family Mut. Ins. Co.*, 249 Neb. 169, 542 N.W.2d 703 (1996).

Rules of Dist. Ct. of First Jud. Dist. 1-1 (rev. 2005) allows the judge in each county to set the terms of court, and we have found nothing in the record to reflect that the district court fixed a term of court other than the calendar year. Therefore, the district court in this case had the inherent power to modify a judgment or order during the same calendar year in which it was filed.

Pohlmeier argues that because the original order was entered in March 2016 and the modification order was filed in January 2017, the modification was made out of term. The Nebraska Supreme Court addressed this issue in *Moackler v. Finley*, 207 Neb. 353, 299 N.W.2d 166 (1980). There, the trial court entered a default judgment against the defendant in February 1979. On June 26, the defendant moved to set aside and vacate the default judgment. The trial court's term ended on June 29. Thus, the order setting aside and vacating the default judgment filed on July 12 was entered in the new term of court.

On appeal, the plaintiff argued that the trial court abused its discretion when it vacated the default judgment in a term of court beyond that in which the judgment was entered. The Supreme Court noted that a court has inherent power to vacate or modify its own judgments at any time during the term in which those judgments are pronounced, and such power exists entirely independent of any statute. *Id*. The court also observed that it is equally clear that § 25-2001 specifies in which instances the district court has the power to vacate or modify its own judgments or orders after the term has been adjourned. *Moackler v. Finley, supra*. Thus, the issue before the court was whether the district court loses its jurisdiction

- 235 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

to vacate an order when the term ends, if the motion to vacate was made during the term in which the judgment was rendered and none of the grounds for vacation exist pursuant to § 25-2001. *Moackler v. Finley, supra*. In resolving that question, the Supreme Court held that the district court retains the authority to rule upon a motion to vacate if the motion was made within the original term. *Id*. In reaching this decision, the Supreme Court relied upon Neb. Rev. Stat. § 24-310 (Reissue 2016), which provided then, as it does now, that upon any final adjournment of the court, all business not otherwise disposed of shall stand continued generally. The Supreme Court determined that once a motion is made and has not yet been ruled upon, the motion is pending, and when the term is adjourned, that pending motion cannot be other than a matter "'not otherwise disposed of.'" *Moackler v. Finley*, 207 Neb. at 357, 299 N.W.2d at 168. Therefore, the court retains jurisdiction by law to modify its previous order. *Id*.

In the present case, the term of court ran from January 1 through December 31, 2016. Default judgment was entered in March, and the motion to vacate was filed in November. Although the district court did not rule on the motion until January 2017, the motion remained pending at the end of the court's term, and thus, the court retained jurisdiction to rule on the motion in the following term. It therefore permissibly entered the order in January 2017 modifying the March 2016 order pursuant to its inherent authority. Accordingly, we find no merit to Pohlmeier's argument to the contrary.

Finally, as to this issue, Pohlmeier argues that § 25-2001 does not apply because the March 2016 order was not a judgment and no motion to vacate was filed within 6 months of entry of the order as required by § 25-2001. We agree with Pohlmeier that § 25-2001 does not control the outcome here, except to the extent that it recognizes a district court's inherent power to vacate or modify its judgments or orders during the term in which they are entered. Section 25-2001 provides the circumstances under which a district court may vacate or

- 236 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

modify a judgment or order after the end of the term in which the judgment or order was entered. But because a court retains jurisdiction to rule on a pending motion to vacate after the term has ended, reliance upon § 25-2001 is not necessary. For the sake of completeness, we also note that § 25-2001 recognizes a court's inherent power to vacate or modify its judgments *or orders*. Therefore, even though the March 2016 order was not a final judgment because it did not dispose of Pohlmeier's counterclaim, it was an order of the court, and thus, the district court had the authority to modify it in January 2017.

*Objection to Confirmation of Sale.*

Pohlmeier argues that the district court erred in overruling her objection to the confirmation of the sale. We conclude that we lack jurisdiction over this issue.

The district court entered a default judgment in favor of Charles Sargent, and a writ of execution was issued in May 2016. A sale of the property was completed on October 3, and on October 6, Charles Sargent filed a motion asking the district court to confirm the sale. On November 1, Pohlmeier filed an objection to the confirmation of the sale. The district court overruled the objection in the October 26, 2017, order. The court never ruled on Charles Sargent's motion to confirm the sale, but we note that Charles Sargent agreed that because the writ of execution was issued upon a nonfinal judgment, the sale could not be confirmed and a new sale would have to be held.

[6] The writ of execution and sale are postjudgment proceedings over which we do not have jurisdiction because, although a motion to confirm the sale was filed, it was never ruled upon. The only ruling related to the confirmation of sale is the overruling of Pohlmeier's objection to the confirmation of sale. An order overruling a motion to deny confirmation of a judicial sale and to set the sale aside is not a final or reviewable order. See *County of Lancaster v. Schwarz*, 152

- 237 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

Neb. 15, 39 N.W.2d 921 (1949). Therefore, the district court's decision overruling the objection to the confirmation of sale is not final and appealable, and as a result, we do not have jurisdiction over this issue.

*Motion for Sanctions.*

Pohlmeier asserts that the district court erred in issuing sanctions improperly and failing to set aside those sanctions. Her argument is twofold: (1) Neb. Ct. R. Disc. § 6-337 (rule 37) does not allow the imposition of sanctions without a prior motion to compel, and (2) she did not receive procedural due process because she was not given notice of the motion for sanctions. She does not argue that in the hierarchy of available sanctions, the imposition of a default judgment was too severe. See *Hill v Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016). To the extent Pohlmeier is arguing that the court erred in denying her motion to vacate on the two bases asserted, we reject her arguments as set forth below.

[7-10] Nebraska's courts, through their inherent judicial power, have the authority to do all things necessary for the proper administration of justice. *In re Interest of Zachary D. & Alexander D.*, 289 Neb. 763, 857 N.W.2d 323 (2015). Here, the district court entered a default judgment against Pohlmeier as a sanction for failing to respond to discovery. The main purpose of the discovery process is to narrow the factual issues in controversy so that the trial is efficient and economical. *Hill v. Tevogt, supra*. The discovery process helps the litigants conduct an informed cross-examination and avoid tactical surprise, a circumstance which might lead to a result based more on legal maneuvering than on the merits of the case. *Id*. If the parties fall short of their discovery obligations, rule 37 allows the court to sanction them. *Hill v. Tevogt, supra*.

Sanctions under rule 37 serve several purposes. See *In re Estate of Graham*, 301 Neb. 594, 919 N.W.2d 714 (2018). First, they punish a litigant or counsel who might be inclined

- 238 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

to frustrate the discovery process. *Id*. Second, they deter those who are tempted to break the rules. *Id*. Finally, they prevent parties who have failed to meet their discovery obligations from profiting from their misconduct. *Id*.

In relevant part, rule 37 provides:

> (b) Failure to Comply with Order.
>
> . . . .
>
> (2) Sanctions by Court in Which Action is Pending. If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him or her from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> . . . .
>
> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party . . . fails
>
> . . . .
>
> (2) To serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories[,]
>
> (3) . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action

- 239 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Pohlmeier relies upon rule 37(b) to argue that the sanction "clearly exceeded [the] Court's jurisdiction" because Charles Sargent never moved to compel the discovery responses, and therefore, there was no court order with which she failed to comply. Brief for appellant at 15. However, aside from rule 37(b), the court may sanction a party under rule 37(d), despite the absence of a prior discovery order. *Hill v. Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016). If a party fails to serve answers to interrogatories, the court may issue a sanction that is "just," see rule 37(d)(3), including "rendering a judgment by default against the disobedient party," see rule 37(b)(2)(C). Thus, no prior court order is required before the court may sanction a party for its failure to answer interrogatories.

[11] In addition, a court has inherent power to sanction. This court has previously held that where there is no court order regarding discovery under rule 37, the exclusion of evidence "may be sustained as an exercise of a trial court's inherent powers." *Schindler v. Walker*, 7 Neb. App. 300, 310, 582 N.W.2d 369, 377 (1998). In *Schindler v. Walker*, we recognized that a district court's inherent powers include the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Therefore, contrary to Pohlmeier's assertions, the court did not exceed its jurisdiction by imposing a sanction without a prior order to compel discovery, and the court did not err in denying her motion to vacate on this ground.

Pohlmeier also asserts that she was never served with the motion for sanctions and that therefore, the March 10, 2016, order violated her constitutional right to procedural due process because she was not given notice and the opportunity to be heard.

At the hearing on Pohlmeier's motion to vacate, she offered no evidence in support of her motion or evidence establishing that she never received the motion for sanctions. And the

- 240 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
CHARLES SARGENT IRR. v. POHLMEIER
Cite as 27 Neb. App. 229

evidence presented at the hearing established that the clerk of the district court sent to Pohlmeier personally copies of the January 11, 2016, orders allowing Pohlmeier's counsel to withdraw and granting her additional time to respond to discovery. The certificate of service for the order dated March 10, 2016, entering default judgment against Pohlmeier, also reveals that it was sent to Pohlmeier personally.

Even if Pohlmeier received none of these filings in the mail as she claims, it is clear that she was personally served on August 10, 2016, with the writ of execution, and thus, she was aware at that time that a judgment had been entered in this matter against her and that the property was to be sold. Yet, she did nothing to attempt to vacate the judgment at that time or postpone the sale or participate in any way in the proceedings. It was not until November 1 that Pohlmeier filed anything in the district court. As a result, we reject Pohlmeier's argument that she was denied procedural due process, and the court did not err in denying her motion to vacate for this reason.

*Prejudgment Interest.*

When the district court entered default judgment against Pohlmeier, it awarded Charles Sargent judgment in the amount of $27,498.38 plus interest as pled in the amended complaint. The January 5, 2017, order reentered judgment in the same amount, including the interest. Pohlmeier argues that the court should not have awarded prejudgment interest, because the claim was not liquidated. We decline to address this argument.

[12] After the default judgment was entered, Pohlmeier filed a motion to vacate the default judgment. She never filed a motion related to the amount of the judgment; rather, her subsequent motion to alter or amend asked the court to set aside the January 5, 2017, order because it was entered out of term. And while she argued at the hearing on the motion to alter or amend that prejudgment interest should not have

been included, it was not a basis upon which she filed her initial motion to vacate. An appellate court will not consider an issue that was not presented to or passed upon by the trial court, because a trial court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Upper Republican NRD v. Dundy Cty. Bd. of Equal.*, 300 Neb. 256, 912 N.W.2d 796 (2018). Because Pohlmeier failed to properly raise the issue of prejudgment interest to the district court, we decline to address the issue now.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.